In re LEDERER.

(District Court, S. D. New York.   September 17, 1903.)

1. BANKRUPTCY—ABUSE OF PROCEEDINGS TO DELAY CREDITORS—DISMISSAL OF PETITION FOR DISCHARGE.

A bankrupt who filed a petition for discharge, but took no further steps in the matter for a year thereafter, is chargeable with an abuse of the proceedings for the purpose of delaying creditors; and, on proper application by a creditor, his petition for discharge will be dismissed, and an injunction staying proceedings by the creditor for the collection of his debt vacated.

In Bankruptcy.

Milton Mayer, for petitioners.
Franklin Bien, for bankrupt.

HOLT, District Judge.   This is a motion to either dismiss the bankruptcy proceedings, or to declare them ended, or to vacate the adjudication in bankruptcy, or to deny the application for a discharge, or to grant such other relief as may seem proper.

George W. Lederer was adjudicated a bankrupt in involuntary proceedings on September 27, 1901.   The matter was regularly referred to a referee.   No proceedings were taken before the referee until September 26, 1902, when a petition for a discharge was filed with the referee.   Since the petition for discharge was filed, no further proceedings have been taken in bankruptcy, except that on September 30, 1902, the bankrupt obtained an order staying all proceedings on the part of the creditor who makes this motion, who had brought a suit against the bankrupt.   This, in my opinion, is a clear case of an abuse of bankruptcy proceedings for the purpose of delaying creditors. The fifty-ninth section of the bankrupt act of July 1, 1898 (chapter 541, 30 Stat. 561, 562 [U. S. Comp. St. 1901, p. 3445]), provides that "a voluntary or involuntary petition shall not be dismissed by the petitioner or petitioners for want of prosecution or by consent of parties until after notice to the creditors."   That part of the motion which asks to have the petition dismissed, or the adjudication vacated, therefore, must be denied, as no notice to creditors has been given. I think that the proper course to pursue is to dismiss the pending application for discharge for want of prosecution, and to vacate the injunction staying the creditor from proceeding at law.   I think it proper to add that it is not necessary for creditors to wait in any case as long as they have waited in this case.   If the bankrupt files a petition for discharge, and then fails to carry on the proceedings with reasonable promptness, the court, upon a proper application, will dismiss the application for discharge for want of prosecution, and vacate all injunctions staying proceedings at law.

The motion is granted so far as to order that the application for discharge be dismissed for want of prosecution, and that the injunction staying the moving creditors' proceedings be vacated.