In re GLASBERG et al.

(Circuit Court of Appeals, Second Circuit. April 8, 1912.)

No. 167.

BANKRUPTCY (§ 407*)—DISCHARGE—GROUNDS FOR REFUSING.

Delay by a bankrupt in bringing on for hearing his application for discharge, which was filed in due time, while he was in contempt of court for not complying with an order to turn over money, which was afterward modified and complied with, is not a legal ground for refusing him a discharge, where no objections were filed.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 729–731, 737, 738, 740–751, 758, 760, 761; Dec. Dig. § 407.*]

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of Morris Glasberg, Samuel Glasberg, and Larcy Levine, individually and as members of the firm of Glasberg Bros. & Levine, bankrupts. Appeal by Samuel Glasberg from an order dismissing his application for discharge. Reversed.

H. & J. J. Lesser (Jacob J. Lesser, of counsel), for appellant.
Herman H. Oppenheimer, for respondent.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. It appears that the bankrupt, Samuel Glasberg, filed his application for a discharge within the time limited by section 14 of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427]). No specifications against the discharge have been filed by creditors. The petition for a discharge was dismissed on the sole ground that the "bankrupt, Samuel Glasberg, was guilty of unreasonable delay and gross laches in bringing on his petition for discharge to be heard before this court."

The record shows that the bankrupt had been declared in contempt of court in not paying over certain moneys directed to be paid, but on June 23, 1911, an order was made relieving him of the contempt upon the payment to the trustee of $350. The order provides that:

"The said Samuel Glasberg be released and relieved from the provisions of the order entered herein adjudging him and the other bankrupts in contempt of court for failing to comply with an order to turn over, made herein, with the same force and effect as if the said Samuel Glasberg had fully complied therewith."

The payment of the $350 was duly made and on August 15, 1911, the referee made a certificate as follows:

"And I hereby further certify and report that so far as appears by the record herein said bankrupt, Samuel Glasberg, has in all things conformed to the requirements of the United States Bankruptcy Act, and has committed none of the offenses and done none of the acts prohibited in subdivision 'b' of section 14 of said act, and is in my opinion entitled to his discharge."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

On the 23d of August, 1911, on motion of certain creditors, the petition for a discharge was dismissed, on the ground of laches in bringing it on for hearing and on October 23, 1911, an order to this effect was entered.

It will be seen, therefore, that eight days after the bankrupt had obtained the referee's certificate of conformity, the motion was made to dismiss his petition and was granted the same day. While he was in contempt of court, and before he had obtained the referee's certificate, the bankrupt could not bring his petition on for hearing with any expectation of success. After the contempt was removed, he was met almost immediately by the petition to dismiss.

Delay in bringing on the hearing is not a ground for refusing a discharge found in the act. It specifically enumerates what the grounds are and this is not one of them. Assuming that the District Court may make rules requiring a speedy hearing, we are unable to find that it has done so. At least, there is no rule which applies to the present case. Rule 20 (Bankruptcy Forms, Hagar & Alexander, 612) relates to the first meeting of creditors, the examination of the bankrupt, and the completion thereof before the application for discharge is filed. There is no pretense that this rule was not fully complied with. Rule 21 provides for the hearing of specifications filed in opposition to the discharge. As no specifications were filed, this rule is inapplicable.

We are of the opinion that the dismissal of the petition for a discharge upon the ground stated was not warranted by the law or the rules and that the order should be reversed.