## In re LANGFELDT.

(District Court, S. D. Florida. May, 1918.)

BANKRUPTCY ⬤═412—DISCHARGE—NOTICE TO CREDITORS OF APPLICATION.
    The provision of Bankruptcy Act July 1, 1898, § 58a, requiring 30 days' notice to creditors of an application for discharge, is mandatory, and the notice jurisdictional.

In Bankruptcy. In the matter of F. E. Langfeldt, bankrupt. On motion by bankrupt to dismiss specifications of objection to discharge. Denied, and new notice of application ordered.

E. J. Binford, of Tampa, Fla., for bankrupt.

Shackleford & Schackleford, of Athens, Ga., for objecting creditors.

CALL, District Judge. On February 19, 1918, the bankrupt filed his petition to be discharged. On February 23 the clerk entered an order requiring notice to be published, and fixing the return day March 23, at 10 o'clock a. m., for the creditors to appear and show cause why the petition should not be granted. No appearance was filed on that day, but on March 25 specifications of objection were filed by the trustee and others. A motion was made by the bankrupt to dismiss such specifications, on the ground that no appearance had been entered on the return day, and because said specifications were filed after the return day without first appearing on the return day.

This motion is submitted to the court on briefs. No objection is made on the shortness of the notice to the creditors, and if all the creditors had joined in the specifications such defect would have been probably waived; but the requirement of section 58a of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 561 [Comp. St.

1916, § 9642]) is positive, and as a discharge releases the bankrupt from liability for all debts, covered by such discharge, to be effective the requirement of that section should be strictly complied with. In this case the fact that 30 days' notice was not given is apparent upon the face of the proceedings, and an order of discharge would therefore be unauthorized and without the jurisdiction of the court to make it.

Unquestionably General Order 32 (89 Fed. xiii) requires the creditor to appear on the return day of the order to show cause and file his specifications of objection within 10 days thereafter. For cause shown the time for filing these may be extended. Attention is called to this in Re Grant (D. C. Pa.) 14 Am. Bankr. Rep. 398, 135 Fed. 889, and it is there decided that without appearance on the return day specifications cannot be filed. However that may be, I am satisfied that the court in this case ought not to make any order in this case, except an order fixing a return day and requiring the proper notice to creditors, pursuant to section 58a of the Bankruptcy Act.

Such order will be made.