## In re NEAL.

(District Court, N. D. Georgia. January 26, 1921.)

1. **Bankruptcy ⟺410—Delay in bringing application to hearing held not to bar discharge.**

   Under Bankruptcy Act, § 14a (Comp. St. § 9598), providing for application for discharge, and section 14b, imposing on the judge the duty to hear the application and proof, and to discharge the applicant unless he has committed some act therein specified, the fact that, from some unknown cause, the hearing was not held for 19 months after the application for discharge, does not authorize the judge to refuse to hear the application at all, or to refuse the discharge.

2. **Bankruptcy ⟺410—Refusal of discharge too heavy a penalty for mere delay.**

   A bankruptcy case is one in equity, and the refusal of the discharge in bankruptcy, the effect of which would be to bar the discharge entirely, and to prevent the discharge of the debts therein filed in other bankruptcy proceedings, is too heavy a penalty to impose for mere delay in bringing an application for discharge on for hearing, in view of the fact that the extreme penalty for the negligence in failing to press an equity suit for trial, as fixed by equity rule 57 (198 Fed. xxxiv, 115 C. C. A. xxxiv), is dismissal without prejudice.

In Bankruptcy. In the matter of C. P. Neal, bankrupt. On hearing on application for discharge. Discharge granted.

Lee J. Langley, of Rome, Ga., for bankrupt.
Shattuck & Shattuck, of La Fayette, Ga., for objector.

SIBLEY, District Judge. The adjudication was on August 8, 1917. The petition for discharge was filed February 2, 1918, and an order fixing a hearing was obtained September 12, 1919. On the date set the only objection filed was that neglect and laches in not prosecuting the application to earlier hearing barred it, and required its dismissal. The matter has been submitted on the record, without evidence either as to the cause of the delay or as to any special detriment to any creditor. It appears from the record that at the time of the adjudication the objecting creditor was foreclosing a mortgage on the bankrupt's stock of merchandise, which was his only substantial asset. This was at first sought to be stayed, but within ten days the effort was abandoned, the stock sold, and the proceeds paid over wholly to this creditor. The estate was closed, and the referee recommended a discharge on November 17, 1917. It appears from the court minutes

---

⟺For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

that, from epidemics of influenza and other causes, courts were irregularly held for more than a year following in this division.

[1] As supporting the objection are cited In re Lederer (D. C.) 125 Fed. 96, where the creditor was kept for more than a year under an injunction while the application for discharge was pending; and Lindeke v. Converse, 198 Fed. 618, 117 C. C. A. 322, where the delay covered more than six years from the adjudication. Each of these cases is distinguishable on its facts, and neither is a controlling authority. Bankruptcy Act, § 14a (Comp. St. § 9598), provides for the filing of the application for discharge within a limited time and—

(b) "The judge shall hear the application for a discharge and such proofs and pleas as may be made in opposition thereto by the trustee or other parties in interest, at such time as will give the trustee or parties in interest a reasonable opportunity to be fully heard, and investigate the merits of the application, and discharge the applicant unless he has" done one or more of six classes of acts minutely specified.

It will be observed that the language of section 14b is directed wholly to the judge and not to the bankrupt, and is mandatory in its terms. While undoubtedly the applicant for discharge is under the usual duties of diligence imposed on suitors, they are not to be derived from or measured by the quoted section. The judge is commanded to do three things: (1) Hear the application for discharge and the proofs and pleas in opposition to it; (2) investigate the merits of the application; and (3) discharge the applicant, unless he has done the things named in the statute.

[2] To dismiss this application unheard would be simply to fly in the face of this mandate. The fact that from some unknown cause the hearing was not had seasonably will not warrant the judge in refusing to hear at all, in declining to investigate the merits of the application, or to discharge the applicant. It would be to amend the statute and add another specification to the grounds for refusing a discharge, to penalize a want of diligence in pressing for a hearing as heavily as the commission of the crimes and frauds mentioned in the section. A bankruptcy case is one in equity. The extreme penalty for negligence in failing to press for a trial, as fixed by equity rule No. 57 (198 Fed. xxxiv, 115 C. C. A. xxxiv) is dismissal without prejudice; but a dismissal of this application would be to bar a discharge entirely, for a new application could not now be filed in this case, nor could these debts be discharged, even by another bankruptcy, In re Silverman, 157 Fed. 675, 85 C. C. A. 224, and cases cited. Parties at interest whose rights are suffering from delay in hearing an application for discharge may move the court to fix a time for the hearing under penalty of dismissal, should the applicant not proceed with the giving of his notices, but there appears in this case only acquiescence in the delay. No sufficient reason to the contrary being shown, the discharge applied for will be granted.