## In re REISLER.

## Ex parte RICHARD E. SAUSE CO., Inc.

### (District Court, S. D. New York. June 23, 1921.)

**Bankruptcy ⊕407(1)—Delay in prosecuting petition held to bar right to discharge.**

> Under rules of the District Court providing for issuance of an order to show cause within 20 days after the filing of a petition for discharge, and requiring a bankrupt on filing his petition to pay certain estimated fees of the referee, unless his petition was filed in forma pauperis, a bankrupt *held* not entitled to a discharge where, after filing his petition without making such payment, he went away, and no action was taken on the petition for three years when he returned, paid the fees, and had notices mailed; his only excuse being lack of money when the petition was filed.

In Bankruptcy. In the matter of John J. Reisler, bankrupt. On motion to confirm report of special master recommending bankrupt's discharge; the Richard E. Sause Company, Inc., objecting. Discharge refused.

This is a motion to confirm the report of the special master recommending that the bankrupt be discharged. On September 29, 1917, the bankrupt was adjudicated; he employed an attorney, not the counsel who appeared in this proceeding, who filed his petition for discharge with the referee on July 17, 1918. He did not at that time pay the referee's indemnity fee of $47, being in impoverished circumstances, and immediately left for the West, where he remained until March, 1921. At this time he learned that his discharge never had been granted, but that the petition had been left in the office of the referee without action. He communicated with his attorney, who was in the same error as himself, but who, on examining, found that the information was correct. Immediately thereafter, and on March 10, 1921, he paid the indemnity due, and the notices were duly mailed for April 18, 1921. Then for the first time the objecting creditors learned that the petition had been filed.

Upon the hearing before the referee the bankrupt stated the facts as above, and also that his attorney had been in bad health for much, if not all, of the time between the filing of the petition and March, 1921. The attorney was himself called, and testified that he was away from his office practically all the time during the war; that he was taken sick, and he had not been at the office much since that time; that in his absence he had two men take care of his work in the office, but that both these enlisted in the army, as well as his office boy; that there was no one there but two stenographers.

The referee decided that there was no laches on the part of the bankrupt, and granted the discharge; there being no other objection. The specifications of objections to the discharge did not include any of the grounds mentioned in the statute, but relied upon the foregoing facts.

Arnold Lichtig, of New York City, for bankrupt.
Robert A. Fosdick, of New York City, opposed.

LEARNED HAND, District Judge (after stating the facts as above). The question whether a bankrupt may be deprived of his discharge by neglect to press his petition to a hearing has, so far as I know, been adjudicated only three times. Judge Holt, in Re Lederer (D. C.) 125 Fed. 96, denied a discharge for that reason, and the Circuit Court of Appeals for the Eighth Circuit held the same way in Lindeke

⊕For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
275 F.—5

v. Converse, 198 Fed. 619, 117 C. C. A. 322. On the other hand, in Re Glasberg, 197 Fed. 896, 117 C. C. A. 235, the Circuit Court of Appeals for the Second Circuit allowed a discharge in spite of some delay, the length of which was not stated. The question is whether In re Glasberg, supra, applies, because, if it does, it is, of course, conclusive here.

At that time (1912) there was no rule of the District Court providing for the bringing on of petitions after they have been filed; but subsequently rule 10 (now rule 26) was passed, which, so far as relevant, reads as follows:

"In twenty days after petition for discharge shall have been filed with the referee, an order to show cause thereon shall be issued."

The absence of such a rule was mentioned in Re Glasberg, and I think it fair to assume that it may have been the basis of the decision. At least there is no reason to suppose that the Circuit Court of Appeals would have disregarded such a rule, had one been in existence at that time. I therefore think that that case was not applicable, and it seems to me that the other two cases are controlling. It is to be noted that the rule mentioned does not in form impose any obligation on the bankrupt, but there has always been in the local rules, under "Authorized Charges for Disbursements and Expenses," a provision that the referees may make certain charges for their indemnity, among which Nos. 1, 3, and 4 prescribe the amounts upon petitions for discharges. It was provided further that—

"The estimated amount of items 1, 3 and 4 shall, in applications for a discharge, be paid by the bankrupt on filing his petition for discharge."

Therefore a duty was imposed upon the bankrupt under these rules of making payment of the indemnity in question, which, if he had performed it, would have automatically set in motion the procedure of the court. His failure was in every sense a default for a period of nearly three years, and it stands unexcused, except on the plea of poverty. But that plea will not serve either. Section 51a (2), being Comp. St. § 9635, provides for a petition in forma pauperis, which is further recognized in our present rule 2. The bankrupt under our rules is therefore charged with the duty, when he files his petition, either to pay the indemnity or to excuse it, as I have stated. These are conditions annexed to his right to a discharge.

The case, therefore, seems to me to be that the bankrupt has not performed those conditions upon which alone the petition could be treated as complete. Of course, if the rules are illegal, and the court has no right to require any indemnity (or a petition in forma pauperis in its stead), then it is true the bankrupt fulfilled all the necessary conditions. Such an illegality is not, however, suggested at bar, and I shall assume the rule to be valid. If so, I see no distinction between failing to file a petition at all, and filing it without satisfying those conditions on which alone any progress can be made upon it. The statute might, it is true, have required creditors to show some prejudice to dismiss a petition for discharge, filed more than 18 months after adjudication; but it has not done so. It has put an absolute limitation upon the right, depend-

ent upon filing the petition in due season. How can the policy of that statute be effected, if the bankrupt may merely file a petition and fail to make it good for any purpose? Creditors have no means of knowing that it is on file; they are not charged with notice of it. At the end of 3, or perhaps of 6 years, it may be revived, and a discharge granted in the face of the assurance, reasonably to be drawn from the statute and the rules, that at the end of 18 months and 20 days the bankrupt's inaction indicates that he does not propose to apply for a discharge at all. Such a result defeats the purpose of the act.

The excuses tendered, assuming any are admissible, which I deny, are in the case at bar quite trivial.

Discharge denied.