## BANK OF ELBERTON v. SWIFT.

### In re SWIFT.

(Circuit Court of Appeals, Fifth Circuit. October 12, 1921.)

### No. 3756.

Bankruptcy ⊜⟹413 (9)—Application for discharge need not be pressed, pending motion to vacate adjudication.

A motion to dismiss a bankrupt's application for discharge for laches in not pressing such application pending a motion to vacate the adjudication of bankruptcy on his voluntary petition was properly denied.

Petition to Superintend and Revise from the District Court of the United States for the Northern District of Georgia; Samuel H. Sibley, Judge.

In the matter of John K. Swift, bankrupt. The Bank of Elberton petitions to superintend and revise an order denying its motion to dismiss the bankrupt's application for discharge. Petition denied.

See, also, 259 Fed. 612; 268 Fed. 305.

Stephen C. Upson and Horace M. Holden, both of Athens, Ga., for petitioner.

Daniel MacDougald, of Atlanta, Ga., for respondent.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. Swift filed his petition to be adjudged a bankrupt on November 6, 1917, and was so adjudicated on November 8. On June 7, 1918, the Bank of Elberton filed a petition to vacate the order adjudicating Swift a bankrupt. On October 29, 1918, Swift filed his application for a final discharge. The petition to vacate the order adjudging Swift a bankrupt was litigated in the District Court and in the Circuit Court of Appeals until February 22, 1921, when the mandate from this court was made the judgment of the District Court.

During April, 1921, the application for discharge was advertised, and set for a hearing on May 7, 1921. The Bank of Elberton then filed its motion to dismiss such application for want of earlier prosecution. The District Judge overruled said motion to dismiss, holding

⊜⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

that the bankrupt was not guilty of laches in not pressing said application for discharge during the pendency of the petition of the bank to vacate the order adjudicating him a bankrupt; that if the bank had any special reason for an earlier hearing of the application for discharge it could have moved therein. The bank files this motion to superintend and revise the order of the District Court dismissing its motion.

We think the District Judge decided correctly in holding that the bankrupt was not in laches in not pressing his application for discharge, during the pendency of the petition of the bank to vacate the order adjudicating him a bankrupt. If this petition had been sustained, it would have disposed of the application for discharge. It was in its nature a matter to be first disposed of, before the time of the court was taken up on the application to grant the bankrupt a final discharge. The bank does not contend that the application should have been decided until its petition was disposed of, but that the court should have heard the evidence on the application to discharge, and have withheld judgment until the petition to vacate had been finally disposed of.

This, at best, is an unusual method of trying an issue, and certainly, as the court below held, the bank, if special reasons for such a course existed, could have moved in the matter of hearing. Unquestionably the court could have declined to hear a matter in this way, or to hear the application to grant a final discharge, pending the termination of the proceeding to set aside the order of adjudication. His judgment on such a matter would have involved the exercise of a discretion with which this court would not interfere in the absence of an error of law, clearly pointed out. In re Neal (D. C.) 270 Fed. 289.

The case is wholly unlike that of Lindeke v. Converse, 198 Fed. 618, 117 C. C. A. 322, which presented a delay without legal excuse or reason for over four years of the setting down of an application for discharge, which had been filed, by permissive order, after the regular time for filing had elapsed.

The petition to superintend and revise is therefore denied.