## In re REISLER.

(Circuit Court of Appeals, Second Circuit.    January 18, 1922.)

### No. 132.

1. **Bankruptcy ⊜⊃404(1)—Act intended to be liberal toward bankrupt applying for discharge.**

   The intent of the Bankruptcy Act (Comp. St. §§ 9585–9656) is to be liberal toward the bankrupt applying for his discharge.

2. **Bankruptcy ⊜⊃407(1)—Delay in applying for discharge held excused.**

   Where a voluntary bankrupt filed a petition for discharge within one year, on which the referee refused to certify his discharge to the District Court, and no further steps were taken for nearly three years in the matter, a showing by the bankrupt that the delay was caused by the absence of his attorney from his office, due to a protracted illness, and to services during the World War, and that the bankrupt was led to believe that his discharge had been granted by the fact that no creditors appeared in opposition thereto and no trustee was elected and that he had gone West, out of touch with his attorney and creditors, is sufficient to excuse the delay, and entitle the bankrupt to his discharge.

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of John J. Reisler, bankrupt.    From an order of the District Court, denying the application of the bankrupt for his discharge (275 Fed. 65), said bankrupt appeals.    Reversed.

Arnold Lichtig, of New York City (Herbert A. Mossler, of New York City, of counsel), for appellant.

Robert A. Fosdick, of New York City, for respondent.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

PER CURIAM.    John J. Reisler filed a voluntary petition in bankruptcy, and was adjudicated a bankrupt on the 27th of September, 1917. He filed a petition for his discharge on July 17, 1918, within the statutory period of one year.    The referee refused to certify his discharge to the District Court.    The bankrupt did not proceed further until March 12, 1921.    On March 17, 1921, the referee procured an order to show cause to be issued on the bankrupt's petition for discharge, and on April 14, 1921, the referee issued the certificate of conformity.    On April 18, 1921, the order to show cause why the bankrupt should not be discharged was made returnable in the court below.    Thereafter a creditor filed specifications of objections to the bankrupt's discharge, which set forth in substance the failure of the bankrupt to prosecute his petition for a discharge within a reasonable time.    The referee in bankruptcy passed upon these specifications, taking testimony, and reported that there was no unreasonable delay, and that the objection of laches or unreasonable delay was not one of the objections specified in the Bankruptcy Act (Comp. St. §§ 9585–9656) as justifying a refusal to discharge a bankrupt.

[1] On a motion to confirm the report of the referee, the District Judge denied the petition and application for a discharge.    In answer

⊜⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

to the specifications, the bankrupt proved that the delay was due to the fact that his attorney abandoned his office because of a protracted illness, and also that he served his country during the World War; that the bankrupt believed that his discharge had been granted, and was led into this belief by the fact that his creditors did not appear in opposition, and no trustee was ever elected. As a further excuse, he proved that he left the state, going to live in the West, and remained there, and was out of touch with his attorney and creditors. He further pleaded his poverty and inability to pay the fees required. These excuses were addressed to the discretion of the court below, and were held by the District Judge to be insufficient. The intent of the Bankruptcy Act is to be liberal toward the bankrupt applying for his discharge. Matter of Rosenfeld (C. C. A.) 262 Fed. 876; In re Braus, 248 Fed. 55, 160 C. C. A. 195.

[2] We think that the excuses set forth by the bankrupt for his failure to petition more promptly for his discharge were such as should have appealed successfully to the discretion of the court below. They were sufficient to excuse the delay, and his discharge should be granted.

Order reversed.