## In re EDWARDS.

(District Court, W. D. Tennessee, W. D. January 2, 1925.)

### No. 5477.

1. **Bankruptcy** ⬅410—What delay in prosecution of application will bar the right to discharge depends on facts of each case.

Where timely application for discharge is made, but the required filing fee is not paid, what length of time before prosecution · of the application will bar the right to discharge by laches is a question to be determined on the facts and equities of each case.

2. **Bankruptcy** ⬅410—Bankrupt held not barred by laches from right to discharge.

A delay of 14 months after filing application for discharge, during which it was not prosecuted to a hearing, held not such laches as to constitute a bar to discharge without giving bankrupt a reasonable time to present his application for hearing; no creditor having objected.

In Bankruptcy. In ·the Matter of Dink (Will) Edwards, bankrupt. On petition for injunction to restrain suit against bankrupt. Restraining order temporarily continued in force.

Dan F. Elliotte, of Memphis, Tenn., for bankrupt.

I. A. Clements, of Memphis, Tenn., opposed.

ROSS, District Judge. This case presents the question as to whether or not the failure of the bankrupt to prosecute his application for a discharge within 14 months after filing the same would be a bar to having a discharge now granted.

Edwards was adjudicated a bankrupt in February, 1923. The case proceeded in regular order to a final conclusion in due time, and in September of 1923 the bankrupt filed his application for a discharge but did not pay the requisite fee to entitle the application to be regularly proceeded with. The matters remained in this state until in December of 1924, when suit was brought by the Valley Investment Company against the bankrupt before a justice of the peace of Shelby county, Tenn.; on what is stated as the basis of the suit to be "an open account." Thereupon petition was filed in this court asking that the suit be-

fore the magistrate in the state court be enjoined, and ·upon the showing made in the petition a temporary restraining order was issued.

Section 14a of the Bankruptcy Act (Act of July 1, 1898, Compiled Stats. § 9598) provides in substance that an application for a discharge may be filed after the expiration of one month and within the next twelve months subsequent to the adjudication, and that if the same be not filed within this period upon it being made to appear that the bankrupt was unavoidably prevented from filing within such time an additional six months may be allowed for such purpose.

Section 14b of the same act provides for the hearing of such application by the judge of the court, and provides further that the discharge shall be allowed unless the applicant has been guilty of some one or more of the six grounds provided in section 14b which would bar his right to a discharge. Nowhere is there any provision within what time the application for a discharge shall be heard after the same is filed. Under this state of the law it would seem that the courts must be governed by the particular facts of each case as presented, and determine whether there exist such grounds as would fall within any of the six referred to above, or whether there had been such laches on the part of the applicant in prosecuting his petition for a discharge as would prevent him from obtaining the same.

[1, 2] In this case the application was filed within less than 12 months after the adjudication, but no steps were taken to prosecute this application to a conclusion for a period of 14 months. It may be that the reason for the delay is the rule of the court requiring that there shall be deposited with the application a fee of $5.50 to cover expenses of publication provided for by General Order 10 of the Supreme Court.

The statements in the petition for the injunction are rather meager, but indicate that the principal reason for the failure of the petitioner prior to this time to make the requisite deposit was his inability to obtain the funds. Ordinarily, this would not be a sufficient reason nothing else appearing, and it may be, as contended by counsel for the Valley Investment Company, that the bankrupt would never have been stirred into activity had not the suit been brought in the state court. To so conclude would be to base the conclusion upon mere speculation. But be this as it may, inas-

much as the bankrupt would be forever de-nied his right to a discharge if his application now presented should be dismissed out-right, it would seem inequitable to hold that his delay of 14 months would form an arbitrary bar to any attempt on his part to now obtain a discharge which might or might not have been granted him had there been more seasonable action following the filing of his application.

The question has been considered in several cases, though not in so many as one might judge without investigation. Three cases are cited, and it is believed that these three cite practically all the others upon the same question. In the case of In re Lederer (D. C. Sou. Dist. of N. Y. Sept. 17, 1903) 125 F. 96, Judge Holt held that where there was a failure on the part of a bankrupt to prosecute his application for a discharge for the period of a year, his right to a discharge should be denied. It may be the facts of that case justified the holding. But in the case of In re Neal (D. C. N. Dist. Ga. Jan. 26, 1921) 270 F. 289, Judge Sibley decided that under the provisions of section 14a of the Bankruptcy Act the court would not be warranted in dismissing an application for a discharge where 19 months had elapsed between the filing of the application and the hearing thereon. This case cites and discusses certain other cases on the question. And in the case of In re Reisler (D. C. Sou. Dist. N. Y. June 23, 1921) 275 F. 65, Judge Learned Hand decided that where an application for discharge was filed, but the fee not paid as required by the rules of court to authorize publication or notice to creditors, and no steps taken within three years, such laches were shown as would bar the right of the applicant to a discharge. This case likewise cites and discusses certain cases on the question, and from a review of all the cases it appears as above stated that each case should be largely governed by its own facts and the equities presented by those facts.

In the instant case no creditor has filed objection or exception to the discharge of the bankrupt, and it seems that the more equitable course would be to continue the injunction in force for a period of 45 days within which time the bankrupt will be given an opportunity to proceed to a hearing on his application for a discharge and creditors will likewise be given an opportunity to file objections thereto. An order will be accordingly entered.