## In re CAGE COTTON CO.

District Court, S. D. Texas, at Houston.
April 29, 1929.

No. 1109.

Walter F. Brown, of Houston, Tex., for bankrupt.

George A. Byers, of Houston, Tex., for Hagler.

534

HUTCHESON, District Judge. This is a motion to dismiss the application of the bankrupt, Cage, for a discharge, arising upon the following facts:

The petition for discharge was filed with the referee in May, 1926, within the year. At the time of the filing the bankrupt requested and received an order from the referee permitting him to leave the jurisdiction for a trip abroad, and providing that no hearing on the discharge would be had before the fall of that year.

Upon the return of the bankrupt to the United States request was made of the referee several times to issue the notices required by law, and this request was not complied with because of the inability of the referee to find the petition for discharge, which had been mislaid.

Thereafter, in 1928, two years after the petition for discharge had been filed, the referee found the petition, issued the notices, and set the matter down for hearing, and, no person appearing to file specifications to oppose the discharge, the referee recommended that the discharge be granted.

In the meantime, on July 5, prior to the time fixed for the hearing of the discharge, this motion to dismiss the petition was filed with the court and the day was set for the hearing on August 10.

Neither at that time nor at any time since were any specifications in opposition filed, and those for the motion stated to the court that they knew of no grounds upon which the discharge should be refused, except the grounds presented by them in this motion, which were: (1) That the petition was never in fact filed, since it was filed with the referee and not with the clerk of the court; and (2) that if properly filed it should be dismissed for laches in not prosecuting it.

The procedure primarily adopted in this case of filing the application with the referee is that prescribed by the rule of this court and is the usual practice prevailing in this district for many years. If that rule is valid, the initial filing is valid.

A similar rule in the Second Circuit was in Re Pincus (D. C.) 147 F. 621, held valid, and I see no reason to doubt the correctness of that opinion.

Neither the statutes nor the general orders require that the application for discharge be filed with the clerk. Section 32 (11 USCA § 32(a) provides that it must be filed in the court of bankruptcy, while section 1, subd. 7 (11 USCA § 1(7) provides: " 'Court' shall mean the court of bankruptcy

in which the proceedings are pending, and may include the referee."

The rule of Nov. 6, 1924, under which these proceedings were had, is: "It is hereby ordered that the office of the referee is the office of the court of bankruptcy as to discharges and the preliminaries thereof." And I have already held in Re Schlesinger (Bankruptcy 1285, D. C.) 31 F.(2d) 789, that that rule authorizes the filing with the referee.

[2] Upon the second point it seems to me that neither reason nor authority sustain the movants.

While there might of course be extreme cases in which the bankrupt could be charged with failure to press the petition for discharge, such as instanced in Re Lederer (D. C.) 125 F. 96, and Lindeke v. Converse (C. C. A.) 198 F. 618, in which the court's discretion should be exercised to dismiss the petition, such cases must be extreme in their facts to require such action, and such facts are wholly wanting here.

This is a case for the exercise of discretion the other way. Re Reisler (C. C. A.) 278 F. 618; Re Neal (D. C.) 270 F. 289; Re Glasberg (C. C. A.) 197 F. 896; Bank of Elberton v. Swift, 275 F. 834 (C. C. A. Fifth Cir.); Orcutt Co. v. Green, 204 U. S. 96, 27 S. Ct. 195, 51 L. Ed. 390.

This case being one in which no creditor shows any prejudice whatever by the delay, or any reason whatever for the refusal of the discharge, the proper exercise of the court's discretion requires, not that the motion to dismiss be granted and the discharge denied, but the converse, that the motion to dismiss be denied and the discharge granted, and it will be so ordered.