## MAZUR v. HIRSCH SHOE CO. et al.
### No. 5789.

Circuit Court of Appeals, Fifth Circuit.
Feb. 12, 1931.

Frank H. Booth, of San Antonio, Tex., for appellant.

S. C. Eldridge, of San Antonio, Tex., for appellee.

Before BRYAN and FOSTER, Circuit Judges, and HUTCHESON, District Judge.

HUTCHESON, District Judge.

This is an appeal from the order of the District Judge denying to appellant his discharge in bankruptcy.

The record reflects a condition of disorder and delay in the course of the proceedings for the discharge which has greatly confused the correct decision of the cause.

On a petition for discharge filed in 1924, hearings were during the following year had before the referee as special master. Neither party requesting it, no record was kept of the testimony adduced at the hearings, **nor was** there any written report or recommendation ever signed and filed by the referee thereon.

Thereafter, neither the bankrupt nor the protesting creditors called the matter to the attention of the judge in any way until in September of 1928 the bankrupt, by new counsel, filed with the District Judge a petition reciting that the referee had filed no report nor recommendation favorable or unfavorable on the petition for discharge as already heard by him; that the papers relating to the matter were lost and could not be found, and asking that the matter of the discharge be re-referred to the referee, and upon this petition a re-reference was ordered.

A hearing was had thereon upon notice to the bankrupt and the original objecting creditors alone. They not appearing to prosecute their objections, Joseph Preissman, a creditor, sought leave to adopt and press them, which leave was denied by the referee, and thereafter upon the ground that no one had appeared to contest the discharge, it was recommended by the referee.

Before the recommendation was acted upon by the court, the creditor, Joseph Preissman, filed with the District Court a motion to set aside the order of re-reference, and to deny the bankrupt's discharge, asserting that the re-reference was invalid because the referee had upon the original hearings in 1925 reached and announced orally his conclusions that the discharge should be denied, and that the bankrupt not having pressed for action contrary to those conclusions same should now be confirmed by the court by denying the discharge.

Issue was joined on this motion, and the court having found that the referee had had hearings on the original application for discharge, had orally announced his conclusions adverse to the bankrupt, in the presence of the bankrupt and objecting creditors, and later had prepared such conclusions, but had neither signed nor entered them as such, and that nonaction on the part of the bankrupt had continued from that time, in about April, 1925, until he filed his motion for re-reference in 1928; further found as follows:

"Failure to show the exercise of due diligence within a reasonable time closes the door to further hearing. Accordingly the Court is of the opinion that its order granting bankrupt's motion and the order of the Referee recommending bankrupt's discharge under said order of the Court should be declared void and of no effect.

"The Court is further of the opinion that the original oral conclusions of the Referee in

open hearing sustaining the specifications of objecting creditors to bankrupt's petition for discharge, and recommending that same be denied, should be confirmed by the judgment of this Court."

From the order of the court entered accordingly, this appeal is prosecuted.

Appellant insists that under the act the discharge must be granted or refused by the judge, and not by the referee, and that while the matter may undoubtedly be referred to the referee, and the referee's conclusions as special master when properly made and filed are entitled to full consideration and should be given proper weight by the court in reviewing them [In re Slocum (C. C. A.) 22 F. (2d) 282, 283], orderly administration and a due regard for the substantial rights of the bankrupt in the matter of his discharge require that the judgment of the court refusing discharge should rest upon either evidence heard by himself, or upon findings of the referee properly made, entered, and filed.

That a judgment denying discharge, founded as this one was upon oral evidence as to the oral action of the referee, violates the statute requiring the judge himself to act upon the discharge, and amounts to depriving the bankrupt of that discharge without a hearing.

■ In this we think appellant correct. To hold otherwise would be to overlook the essentially advisory character of the referee's function in the matter of discharge, and to give to his oral actions, in a matter where his only function is to hear evidence and report thereon, the force and effect of a judgment.

Appellees insist that if the action of the court in denying discharge on the oral announcements of the referee was erroneous, since in his opinion the judge adverted to the long and unexcused delay of the bankrupt, and in fact rested his action in setting aside his order of re-reference and confirming the earlier action of the referee upon the existence of such delay, the case should be regarded as though dismissed by the judge for want of prosecution, rather than as continued as a pending case with final judgment entered.

We think this will not do, for while "there might of course be extreme cases in which the bankrupt could be charged with failure to press the petition for discharge" [In re Cage Cotton Co. (D. C.) 32 F. (2d) 533, 534; Id. (C. C. A.) 35 F. (2d) 1017], it is perfectly plain that the judge did not find and order that the petition should be dismissed for want of prosecution, but, on the contrary, considered the petition and proceeded to final judgment on it.

■ Besides, this is not a case for such action, since only in extreme cases, and those not of official neglect like this one, should such a dismissal be entered. In re Cage Cotton Co., supra.

Appellant, in his turn, insists that the cause having been re-referred, and on such re-reference the contesting creditors having abandoned their contest, and the referee having thereupon recommended the discharge, this cause should be reversed, with directions to the District Judge to grant the bankrupt his discharge.

■ This also we think will not do, for while it is plain that the creditors may at any time while the cause is still pending, and before final action is taken on it, decline to go further with their opposition to a discharge, it is also true that in such event any other creditor may, in the discretion of the judge of the court, be allowed to proceed under the specifications already filed by those withdrawing. In re Ruhlman and Rafter (C. C. A.) 279 F. 250.

The District Judge in his opinion disposing of the matters before him expressly reserved judgment upon the question of whether Preissman should be allowed to intervene and dismissed without prejudice his motion asking that relief.

While, as above indicated, we think it plain that the bankrupt ought not to be prejudiced by the inexcusable neglect of the referee to perform the duties of advising and reporting, which under the practice of that district devolved upon him, in the matter of the application for discharge, we think it also true that neither should the creditors, including not only the original protesting creditors, but any others, if any, whom the District Judge in his discretion should allow to prosecute their contest, be so prejudiced.

Without meaning to indicate to the District Judge what his action should be upon the application of the intervening petitioner Preissman, we think the cause should be reversed, with directions to the District Judge to determine whether the application of Preissman should be granted, and, if so, to send the cause back to the referee for hearing on the original specifications. If not, the original creditors having withdrawn their contest, to grant the bankrupt's discharge.

Accordingly, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.