## In re STILWELL.

### No. 16461.

District Court, W. D. New York.

Aug. 26, 1940.

Harry M. Young, of Mayville, N. Y., for bankrupt.

Falk, Phillips, Twelvetrees & Falk, of Buffalo, N. Y., for petitioning creditors.

KNIGHT, District Judge.

This is a motion to vacate the bankrupt's discharge granted on July 13, 1940, on the ground that it was entered in violation of Section 58 of the Bankruptcy Act, 11 U.

S.C.A. § 94, and further to dismiss bankrupt's proceedings for discharge on the ground that the proceedings have been abandoned.

The above-named bankrupt was adjudicated such on November 10, 1930. On March 23, 1931, bankrupt filed a petition for a discharge and on that date an order to show cause why the same should not be granted was issued, returnable on May 18, 1931. This order directed the publication and the mailing of a copy thereof to all creditors. There is nothing of record to disclose that any proceedings were taken on the return date of the order to show cause. There is nothing of record to show that either publication or mailing of the order to show cause as directed was had, or that there was any publication or mailing of such order at any time. The bankrupt does not now claim that any notice was given. On July 10, 1931, the referee issued an order directing the bankrupt to show cause why an order should not be made returning the papers to the clerk of this court because of non-prosecution. Service of the last-mentioned order to show cause was duly made, and there being no appearance upon the return date thereof, an order was made directing that the order to show cause and the application for discharge be returned to this court with a recommendation that it be withheld until disbursements in the sum of $22.56 were paid. It was not until July, 1940, when the aforesaid disbursements were paid, that without notice a discharge was entered on July 13, 1940.

Section 58 of the Bankruptcy Act provides, insofar as is applicable here:

"a. Creditors shall have at least ten days' notice by mail, to their respective addresses as they appear in the · list of creditors of the bankrupt or as afterward filed with the papers in the case by the creditors, of * * *

"(3) all meetings of creditors * * *.

"b. The court shall give at least thirty days' notice by mail of the last day fixed by its order for the filing of objections to a bankrupt's discharge (1) to the creditors, in the manner prescribed in subdivision a of this section * * *."

The manner prescribed by subdivision a is by mailing. Subdivision d provides that notices of meetings other than the first meeting may be published as the court directs. Here the order of the court directed mailing of notices at least ten days and the publication of the notice once thirty days before the return date.

The giving of notice as directed as aforesaid was a condition precedent to the right to a discharge. The whole proceedings provided by statute looking to a discharge would be senseless if this were not so. Almost any number of authorities with unanimity have held this to be the law. Among those cited in the briefs and others are these: In re Hall, Fed.Cas. No. 5922; In re Bellamy, Fed.Cas. No. 1266; In re Lederer, D.C., 125 F. 96; Lindeke v. Converse, 8 Cir., 198 F. 618; In re Langfeldt, D.C., 253 F. 458; Ellison & Sons v. Weintrob, 4 Cir., 272 F. 466; Rash v. Metzger, 3 Cir., 31 F.2d 424; In re Martin, 7 Cir., 38 F.2d 629; In re Ingrao, D.C., 40 F.2d 946. The instant case is not comparable either to In re Downing, D.C., 199 F. 329, or In re D'Alessio, D.C., 24 F.Supp. 563, cited by the bankrupt, for in each of these cases the question was whether the notice given had been properly served.

While it is true as stated in Re Carobine, D.C., 8 F.Supp. 605, that the court is only empowered under the Bankruptcy Act (Section 15, 11 U.S.C.A. § 33) to disturb a discharge on the ground of fraud, it is equally true that the court sitting in equity has the inherent power to set aside a discharge where it has been granted through the failure to meet the statutory requirements precedent to a discharge. The numerous citations in the Carobine case and cases above cited furnish ample authority for this conclusion.

Should the entire proceedings looking to a discharge be set aside on the ground of laches? The court, it seems to me, has the same authority in this connection that it has in vacating the discharge. Naturally the question of delay in the prosecution of the proceedings for a discharge has been many times considered by the courts. It is obvious that in the absence of any statute fixing definitely the time within which a discharge may be granted, the courts cannot arbitrarily fix such a time. Each case must be determined on its own peculiar facts. In one case a long period of delay, as here, may constitute laches; in another, it may not. Through honest mistake or oversight long delay may be overlooked; long delay with no reasonable excuse and with reason disclosed, tending to show that it was not unintentional,

may not. There must be a reasonable excuse for the delay. The Bankruptcy Act is one of great benefit and liberality to the debtor. All of his unsecured obligations can be discharged by partial payment where he has assets, or without any payment, where he has no assets. It at least requires that he shall on his part observe its provisions and its natural intendments.

In Re Reisler, D.C., 275 F. 65, notice of application for discharge was not given for upwards of three years following the filing of the petition. The excuse given was financial inability to pay the indemnity. The court held this was not sufficient and vacated the discharge. On appeal (2 Cir., 278 F. 618) this decision was reversed, but upon the ground that a sufficient excuse was shown. In the instant case no substantial excuse is offered. The only pretense for this is the statement that bankrupt believed that he had been discharged, and also the further claim that the attorney who had charge of his bankruptcy proceeding had removed from his former office and residence some two years after the petition was filed. Here, as pointed out, the bankrupt had notice in July, 1931, that the disbursements or indemnity had not been paid and what the effect of nonpayment would be. There is nothing to show that prior to 1940 he ever paid these disbursements to any one to be used in connection with his discharge. Had it appeared that he had paid these to his attorney or some one else to be so applied, a different condition would have been created. In addition, certain facts are disclosed which tend to show that the delay was intentional or with full knowledge. There was submitted as part of the moving papers the copy of a newspaper purporting to show that in 1933, the bankrupt removed from New York to Zanesville, Ohio, and then assumed the name of Earl F. Jones, under which name he has been known there since such time. The article purports to show that his divorced wife and others have brought suits against the bankrupt to recover for the maintenance of two sons; that bankrupt under the name of Jones has been the publisher of a daily and Sunday newspaper in Zanesville and is the principal owner in various other enterprises in that city. He seems to have prospered financially, and till these suits were commenced this present year, seems to have eluded identification as to his real name. The accuracy of this newspaper article which gives many other material details is in no way disputed. Not one word here is said by way of contradiction. Under such facts we must assume it accurate. A reasonable assumption is that one reason the bankrupt changed his name was because of the bankruptcy proceedings. Doubtless, knowledge of the bankruptcy proceedings would have hampered his efforts toward financial rehabilitation. Notice by publication and mailing of an application for discharge would likely have had this effect.

■ Whether or not the delay was intentional, no reasonable excuse has been shown for a delay of upwards of nine years. There were clearly such laches as will deny him the benefit of all proceedings by him in bankruptcy. Nothing is seen in Re Edwards, D.C., 4 F.2d 148, in which failure to pay an indemnity fee for fourteen months was excused because of poverty; or in Re Neal, D.C., 270 F. 289, where there was a delay of about one year and where it was said there was acquiescence with the delay; or in Re Williams, D.C., 16 F.Supp. 889, where there was a delay of fourteen years, but where the court found that it came from a misunderstanding or oversight, and the court there stressed the inaction of the creditor,—which would alter this conclusion. Here, by bankrupt's removing from New York and assuming another name, the creditors were not in a position to know anything of him, and here the referee had by order upon notice recommended withholding of the discharge pending the payment of the indemnity.

Many of the cases above cited are comparable on the question of laches. No sufficient reason has been shown to excuse the delay here and all the proceedings for a discharge must be set aside.

The dismissal of the proceedings for a discharge necessarily includes vacation of the discharge.

An order may be submitted in accordance with this decision.