**In re Thomas E. HAYDEN, Debtor.**

**Ruth Palmer as Personal Representative of the Estate of H. Bruce Palmer, Plaintiff,**

v.

**Thomas E. Hayden, Defendant.**

**Bankruptcy No. 98–09911–W.**
**Adversary No. 99–80035–W.**

United States Bankruptcy Court,
D. South Carolina.

Oct. 4, 1999.

Harold Lloyd Howard, Landrum, SC, for the Plaintiff.

Bonnie P. Horn, Columbia, SC, for the Defendant.

### ORDER

JOHN E. WAITES, Bankruptcy Judge.

THIS MATTER comes before the Court upon the Notice of Settlement issued by the parties on July 21, 1999 and the Objection thereto filed by the United States Trustee on August 16, 1999. The United States Trustee objects to the settlement on the basis that it is improper per se for a creditor to receive a private benefit to dismiss or settle a 11 U.S.C. § 727[1] action to the exclusion of the trustee and the other creditors and that the agreement by the parties to except the dischargeability of Plaintiff's debt pursuant to § 523 in this case may be such a private benefit. In essence, the United States Trustee suggests that the settlement of the § 523 action in this proceeding is an indirect and improper means of settling the § 727 action.

1. Further references to the Bankruptcy Code shall be by section number only.

## FINDINGS OF FACT

1. Debtor (also hereinafter referred to as "Defendant") filed a voluntary Chapter 7 petition on November 10, 1998.

2. In his schedules, Debtor listed H. Bruce Palmer c/o [Attorney] Lloyd Howard (hereinafter referred to as "Palmer" or "the creditor") as an unsecured creditor in the amount of $35,917.65. This same creditor was listed on a written mailing matrix filed pursuant to § 521 and Bankruptcy Rule 1007.

3. Despite the certification of Debtor's counsel, Debtor failed to list H. Bruce Palmer, his estate, or his attorney on the computer diskette containing the mailing matrix and list of creditors required by Local Rule 1007–1 and submitted to the Bankruptcy Noticing Center (hereinafter referred to as "BNC"), which performs many service and noticing functions for the Clerk's office. For that reason, the creditor was not included in notices generated and served on behalf of the Clerk's office by the BNC in this case.

4. Neither H. Bruce Palmer, his estate, nor his attorney received notice of the commencement of the case from the BNC as served on all other creditors and parties in interest on November 15, 1998; which included notice *inter alia* of the filing of the bankruptcy case, the scheduling of the § 341 meeting of creditors, and the bar dates for the filing of complaints objecting to the Debtor's discharge and complaints seeking exception to the dischargeability of particular debts.

5. The bar date for the filing of a complaint objecting to discharge or seeking an exception to the dischargeability of an indebtedness was February 16, 1999.

6. On February 8, 1999, Plaintiff filed a complaint which among other things alleged that Plaintiff had not received proper notice in the case and alleged facts on which an action seeking the denial of discharge under § 727 was asserted.

7. By Reply and Memorandum filed in response to Defendant's Answer and Counterclaim, which alleged that the Complaint was frivolous, Plaintiff further reasserted a lack of proper notice of the case as grounds for a determination of nondischargeability of the indebtedness to Plaintiff pursuant to § 523 and also asserted facts under which an action pursuant to § 523(a)(2)(4) or (6) may be maintained against Defendant.

8. After a period of time for discovery and motions, Plaintiff filed a timely motion to amend the Complaint on June 17, 1999 to clearly assert an exception to dischargeability of the Defendant's indebtedness to Plaintiff. Defendant did not file a timely response or objection to the motion to amend.

9. At the hearing on the motion to amend on June 28, 1999, only the attorney for Defendant appeared and announced her consent to the motion to amend the Complaint and the settlement of the adversary proceeding by an agreement that the Plaintiff's debt was nondischargeable. Although not noticed of the hearing, the United States Trustee was present and participated in the hearing. The United States Trustee expressed no objection to the amendment but requested that any settlement be noticed.

10. By Order entered June 30, 1999, the Court granted Plaintiff's motion to amend the Complaint to further assert nondischargeability allegations pursuant to § 523. An amended complaint had been filed on June 29, 1999, alleging violations of § 523.

11. At the instruction of the Court, a Notice of Settlement was filed and served by the parties on July 21, 1999 on all creditors, the panel trustee, and the United States Trustee. The Notice of Settlement provided for an admission of nondischargeability of Plaintiff's debt but did not provide for payments or other consideration to pass to Plaintiff. While the Notice did not mention a disposition of the § 727 causes of action in the Complaint, it was implicit that the § 727 action would be dismissed.

12. On August 16, 1999, the United States Trustee objected to the Notice of Settlement filed by the parties. In essence, the United States Trustee asserted three grounds for objection:

 a. The United States Trustee was not properly served with the pleadings in the adversary proceeding;

 b. The Court may not approve a dismissal or settlement of a creditor's § 727 discharge action in exchange for payment or consideration from Debtor which benefits only the creditor to the exclusion of the estate or creditor body; and

 c. The Court may not allow the amendment of the original complaint to include a cause of action under § 523 after the bar date for bringing such an action.

13. A hearing on the Notice of Settlement and the Objection was held on August 24, 1999 and continued to September 14, 1999. By Order entered on August 30, 1999, the Court provided an opportunity for and requested the United States Trustee to investigate the merits and grounds for both the § 727 and § 523 actions and to determine whether the United States Trustee wished to be substituted as Plaintiff in the § 727 action.

14. By Statement and Recommendation filed on September 8, 1999, the United States Trustee reported that "there appears no grounds for a § 727 action" and that the United States Trustee did not wish to be substituted as Plaintiff in the § 727 action which he believed was non-meritorious. The United States Trustee declined to report on the merits of the § 523 action stating instead that it was time barred. Furthermore, the United States Trustee reiterated that a § 727 action should not be used to leverage a settlement of an untimely § 523 action.

15. A further hearing was held on September 14, 1999 in which Plaintiff and Defendant stated their continued desire to settle the § 523 cause of action and dismiss the § 727 causes of action. Furthermore, Plaintiff's counsel proffered to the Court, without objection, that meritorious grounds existed for the § 523 action.

16. By Order entered September 15, 1999, Plaintiff was allowed to file a further amended complaint setting forth and amplifying all § 523 grounds for purposes of the record in this proceeding.

## CONCLUSIONS OF LAW

### I. *Settlement of Discharge Actions*

■ Bankruptcy Rule 7041 provides in pertinent part: "[A] complaint objecting to the debtor's discharge shall not· be dismissed at the plaintiff's instance without notice to the trustee, the United States Trustee, and such other persons as the court may direct, and only on order of the court containing terms and conditions which the court deems proper."

■ A creditor should not be allowed to withdraw an objection to discharge without scrutiny by the court. When considering settlements or dismissals of objections to discharge, the court must objectively evaluate the facts and determine whether the settlement or dismissal is fair and equitable or has some detrimental effect on other creditors. By raising a late objection to the amendment of the Complaint, normally an objection which is only appropriate to the parties to the proceeding, the United States Trustee implies that the agreement to the nondischargeability of Plaintiff's debt may have been unfairly coerced by or tied to the threat of the § 727 action. While that may be true in some circumstances, such does not appear the case in this proceeding. First, prior to any announcement of settlement, Defendant was faced with the allegations of the original Complaint which asserted § 523(a)(3) grounds and further had waived any objection to the timely motion to amend the Complaint. Second, Defendant's stated reasons for settling the proceeding was the desire to avoid further expense related to the litigation and to avoid the deposition of Defendant's wife, an event which, absent entry of a protec-

tive order, could have occurred under either § 727 or § 523 causes of action. Essentially, Defendant, with the advice of experienced bankruptcy counsel, conceded nondischargeability for the reason that most dischargeability cases settle; that is a desire to avoid all the trouble and expense of further litigation which may ultimately result in a determination of nondischargeability anyway. As Defendant's counsel plainly stated during the hearings, admitting the nondischargeability of the debt does not mean that the insolvent Debtor is agreeing to or will pay anything towards the debt. In this Court's view, Defendant did not settle this proceeding out of a threat of the § 727 action nor did Defendant receive any improper consideration or private benefit due to the § 727 action.

Furthermore, in balancing the policies promoting reasonable settlements of litigation, an individual creditor's rights to assert § 727 and § 523 actions against a debtor, and the need to carefully scrutinize dismissals or settlements of § 727 actions to insure that meritorious actions are not improperly abandoned, many Courts have allowed the party objecting to the dismissal of a § 727 action to be substituted as the plaintiff to insure that meritorious actions would be pursued. *See, e.g., Casey v. Kasal (In re Kasal)*, 213 B.R. 922, 929–30 (Bankr.E.D.Pa.1997); *Royal Bank v. Grosse (In re Grosse)*, 1997 WL 668059, *5 (Bankr.E.D.Pa.1997); *Ballard Furniture Co. v. Lindsey (In re Lindsey)*, 208 B.R. 169, 170 (Bankr.E.D.Ark.1997); *In re Taylor*, 190 B.R. 413, 417–18 (Bankr.D.Colo. 1995); *Ryan v. Thomas (In re Thomas)*, 178 B.R. 852, 853 (Bankr.W.D.Wash.1995); *Edge v. Marston (In re Marston)*, 141 B.R. 767, 768 (Bankr.M.D.Fla.1992); *Hage v. Joseph (In re Joseph)*, 121 B.R. 679, 682 (Bankr.N.D.N.Y.1990); *Russo v. Nicolosi (In re Nicolosi)*, 86 B.R. 882, 888–89 (Bankr.W.D.La.1988); *Mac Serv. v. Short (In re Short)*, 60 B.R. 951, 953 (Bankr. M.D.La.1986).

Implicit in this approach is the policy that if the objecting party does not wish to be substituted, then it should not be heard to complain and the action may be dismissed. *See, In re Marston*, 141 B.R. at 768 (emphasis added) ("In order to comply with [Rule 7041], the Court direct[s] the Clerk to notify the Trustee, the United States Trustee and creditors advising them they have an *opportunity* to pursue the matter and if they do not, *the Complaint will be dismissed.*"). The United States Trustee reported that the § 727 action in this proceeding has no merit and has declined to take over the litigation for the benefit of all creditors. The estate as well as other creditors will not benefit from the pursuit of groundless § 727 actions; therefore, the § 727 action may be dismissed by these parties.

II. *Enlargement of Time Limits*

As part of its concern over the dismissal of the § 727 action, the United States Trustee argues that the parties may have agreed to amend the original Complaint to add a § 523 action and agreed to the nondischargeability of the debt as a means of improperly settling the § 727 action for the benefit of Plaintiff. However, the U.S. Trustee offered no convincing evidence to support these allegations. Additionally, in his Statement and Recommendation to the Court, the United States Trustee declined to investigate or take a position regarding the merits or grounds of the § 523 action and, instead, relied on the proposition that the raising of those § 523 grounds was time barred.

The time period within which to file a complaint to determine the dischargeability of any debt pursuant to § 523(c) is governed by Rule 4007(c) which provides that "[the] complaint ... shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)." However, Bankruptcy Rule 7015, which incorporates Federal Rule of Civil Procedure 15, provides that amendments to the pleadings may be made with the consent of the adverse party and shall be allowed in the interest of justice. The United

States Trustee suggests that a complaint cannot be amended to include grounds on which an action seeking a dischargeability determination can be made if such amendment is made after the deadline for filing the original complaint set forth in Rule 4007(c), *even with the consent of the Defendant.* However, the Fourth Circuit Court of Appeals has held that the deadline set forth in Bankruptcy Rule 4007(c) is in the nature of a statute of limitations and is not a jurisdictional time limit. *Farouki v. Emirates Bank Int'l, Ltd.,* 14 F.3d 244, 247–48 (4th Cir.1994), *see also Mann v. CCR Fin. Planning, Ltd.,* 211 B.R. 843, 846 (E.D.Va.1997). Therefore, the time bar imposed by Rule 4007(c) is an affirmative defense " 'subject to waiver, estoppel and equitable tolling.' " *Litty v. Litty (In re Litty),* 155 F.3d 559, 559 (4th Cir.1998) (quoting *Schunck v. Santos (In re Santos),* 112 B.R. 1001, 1006 (9th Cir. BAP 1990)). "The timeliness of a dischargeability complaint presents an affirmative defense that must be raised in an answer or responsive pleading .... If the defense is not raised in the answer or responsive pleading, it is generally waived." *Farouki,* 14 F.3d at 247 (citing *In re Santos,* 112 B.R. at 1008). Clearly, it is a defendant who has the obligation and standing to raise an objection to the untimeliness of a dischargeability objection. Just as certainly, a defendant may expressly consent to the amendment of the complaint. *See In re McKoy,* 211 B.R. at 846. Unlike other jurisdictions cited by the United States Trustee, pursuant to law in the Fourth Circuit, this Court may allow amendments of a complaint objecting to discharge and dischargeability under appropriate circumstances. Absent some evidence of a consent which has been unfairly coerced or some other manifest injustice, neither of which is present in this case, the Court is satisfied that upon Debtor's consent, the amendment of the Complaint is both allowable under the Rules and proper in the interests of justice and thus relates back to the original Complaint.

Even without the consent of a debtor, *Farouki* indicates that Rule 4004(a), and implicitly Rule 4007(c), does not preclude a bankruptcy court from exercising its equitable powers to relieve the deadline in extraordinary cases. *Farouki,* 14 F.3d at 248; *see also Ruben v. Harper (In re Harper),* 194 B.R. 388, 392 (Bankr. D.S.C.1996). Under the circumstances of this case, the flagrant failure of Debtor, despite counsel's express certification, to provide the name and address of one of his primary creditors on the computer diskette for purposes of Court issued noticing and service, and the Clerk's office failure to detect that discrepancy is such an extraordinary circumstance.

Furthermore, the Plaintiff raised the lack of notice in the original Complaint. According to § 523(a)(3), a creditor's claim is not discharged if the debtor does not properly list the claim in the schedules, and the creditor does not receive notice of the bankruptcy petition and filing dates. Even in a no asset case where actual knowledge of the bankruptcy case is shown, a question may still exist as to the adequacy or reasonableness of the notice, if any, the creditor or her attorney had, and whether the failure to include a creditor's proper name and address correctly involved a deliberate and willful attempt to deny effective notice to the creditor so as to constitute bad faith and require a remedy to the creditor. See *In re Tucker,* 235 B.R. 575, 579–80 (Bankr.M.D.N.C.1998) (denying the right to amend, opposed by the debtor, because creditor's attorney had actual knowledge of the bankruptcy case for 38 days prior to the expiration of the bar date and because failure by the debtor to include the name of the creditor's attorney did not rise to the level of bad faith or inequitable conduct as might permit extension of bar date). While there may be defenses to the § 523(a)(3) grounds which would defeat an allegation of the lack of notice, Defendant did not pursue these defenses, but waived them by freely agree-

ing to the amendment and by agreeing to the debt's nondischargeability.[2]

Finally, in this case, material facts were sufficiently pled and identifiable in the original Complaint which provided a basis for a nondischargeability action and gave notice to Debtor so as to allow an amendment to further state and amplify grounds for a nondischargeability determination.

## CONCLUSION

The Court finds no evidence that there is any merit to the § 727 action or benefit to be derived from it by general creditors, and no intention by the United States Trustee, as the sole objecting party, to be substituted as Plaintiff to pursue such an action.. However, there is evidence that § 523 grounds permitting a determination of nondischargeability exist, that sufficient facts raising § 523 concerns were pled in the original Complaint, and that Defendant, with the advice of experienced bankruptcy counsel, agreed to settle this matter and admit the nondischargeability of the debt to save the expense and trouble of continued litigation. There was no unfair coercion or collusion between the parties which resulted in the settlement as noticed.

For the reasons stated, the United States Trustee's Objection to the settlement is overruled and the settlement is approved. It is therefore,

**ORDERED** that the debt owed to Ruth Palmer as Personal Representative of the Estate of H. Bruce Palmer, in the amount of $35,917.65 is excepted from discharge in this Chapter 7 case pursuant to 11 U.S.C. § 523 and the causes of action pursuant to 11 U.S.C. § 727 are dismissed.

2. While the lack of notice allegations under § 523(a)(3) are not subject to a time bar per se, the lack of notice acutely affects the raising of dischargeability issues pursuant to § 523(a)(2), (4) or (6).