**In re John L. STEINMEYER, III, and Carol L. Steinmeyer, Debtors.**

**United States Postal Service, Plaintiff,**

**v.**

**John L. Steinmeyer, III, Defendant.**

**Bankruptcy No. 00–08510–W.**
**Adversary No. 00–80278–W.**

United States Bankruptcy Court,
D. South Carolina.

March 13, 2001.

---

Kevin Campbell, Mt. Pleasant, SC, for debtor.

John Douglas Barnett, Columbia, SC, for plaintiff.

Michael H. Conrady, Mt. Pleasant, SC, for defendant.

David Brian Wheeler, Charleston, SC, for creditor.

### ORDER

JOHN E. WAITES, Bankruptcy Judge.

THIS MATTER comes before the Court upon John L. Steinmeyer, III's (hereinafter referred to as "Defendant") Motion to Dismiss Amended Complaint, filed with the Court on February 8, 2001. The Defendant seeks to have the United States Postal Service's (hereinafter referred to as "Plaintiff") amended complaint dismissed and the original complaint reinstated on the ground that the amended complaint includes additional causes of action which were not timely filed within the time period set forth in Fed.R.Bankr.P. 4007(c) [1]. After considering the pleadings in the matter and the arguments of counsel at the

---

**1.** Further references to the Federal Rules of Bankruptcy Procedure shall be by rule number only.

February 22, 2001, hearing, the Court denies the Defendant's motion.

## FACTUAL BACKGROUND

1. On September 27, 2000, the Defendant and his wife, Carol L. Steinmeyer, filed a Petition for Relief under Chapter 7 of the Bankruptcy Code.

2. Plaintiff alleges that it is a creditor in the Chapter 7 bankruptcy proceeding with a total claim of $14,402.50, of which $2,775.00 is secured, based on a state court judgment lien filed in Charleston County commensurate with a debt for stamp stock allegedly entrusted to him pursuant to the terms of a Stamp Consignment Agreement, and $11,627.50 is unsecured nonpriority, based on a second debt for stamp stock allegedly entrusted to him pursuant to the terms of a Stamp Consignment Agreement.

3. On September 29, 2000, this Court issued and filed a Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, and Deadlines setting December 26, 2000, as the deadline for creditors to file a complaint objecting to discharge of the debtor or to determine dischargeability of certain debts.

4. On December 22, 2000, Plaintiff timely filed a complaint in which it, among other things[2], objected to discharge and sought a determination of dischargeability pursuant to 11 U.S.C. § 523(a)(4)[3]. Plaintiff alleged that Defendant's actions, in failing to account for the stamps consigned to him pursuant to two Stamp Consignment Agreements entered into between him and the Plaintiff, constituted defalcation while acting in a fiduciary capacity, and that the amounts due Plaintiff for the consigned stamps are therefore not dischargeable in bankruptcy.

5. On January 4, 2001, Plaintiff served Defendant with a summons and the complaint.

6. On January 22, 2001, before any responsive pleading was served to the original complaint, Plaintiff filed and served on Defendant an amended complaint in which it again objected to discharge and sought a determination of dischargeability pursuant to § 523(a)(4), but this time further asserted that the Defendant's actions with respect to the stamps consigned to him constituted not only defalcation while acting in a fiduciary capacity but also embezzlement, an additional ground for discharge included within the language of § 523(a)(4)[4]. Except for a few other inconsequential changes made to the original complaint[5], the factual allegations in the

2. Plaintiff, in its third of three causes of action, also sought recovery of money or property pursuant to 28 U.S.C. § 1345.

3. Further references to the Bankruptcy Code shall be by section number only.

4. Section 523(a)(4) excepts from discharge debts "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny...."

5. The Court is aware of the fact that the amended complaint includes two entirely new paragraphs, namely ¶¶ 21 and 22, but finds that such paragraphs add very little in the way of new allegations and, in the case of ¶ 21, appears to have been added merely for the purpose of specifying an element of embezzlement. The amended complaint also makes a few other minor substantive changes to the original complaint, namely, the dates of delivery of stamp stock were added in paragraphs 14 and 15 of the amended complaint and the reference in paragraph 25 of the original complaint to "the Summerville Post Office" was changed (now in paragraph 27 of the amended complaint) to read "the Cross Country Post Office". The Court is also cognizant of the fact that the amended complaint corrects one typographical error, makes slight stylistic changes to the original complaint, and includes the obvious and expected references to the fact that it is amended.

amended complaint were basically the same as those found in the original complaint, and the statutory authority upon which the original complaint was based was unchanged in the amended complaint.

7. On January 23, 2001, one day after Plaintiff filed its amended complaint, Defendant served an Answer and Counterclaim to the original complaint. Such answer and counterclaim was filed on January 24, 2001.

8. On February 8, 2001, Defendant filed a motion to dismiss the amended complaint arguing that the amended complaint includes an additional cause of action—the alleged embezzlement—which was not timely filed within the time period set forth in Rule 4007(c). Defendant further argues that Plaintiff has failed to demonstrate any extraordinary circumstances which would allow this Court to extend the time to add such an additional cause of action. Defendant therefore asks the Court to dismiss the amended complaint and to reinstate the original complaint.

9. In response to Defendant's motion, Plaintiff argues that Rule 7015 of the Federal Rules of Bankruptcy Procedure allows it to amend the original complaint as a matter of right and that, in any event, because the claims contained in the amended complaint arose out of the conduct, transaction, or occurrence set forth in the original complaint, the amended complaint relates back to the date of the original complaint, which was timely filed.

### CONCLUSIONS OF LAW

■ The time period within which to file a complaint to determine the dischargeability of any debt pursuant to § 523(a) is governed by Rule 4007(c), which provides that "[the] complaint ... shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)." However, Rule 7015, which incorporates FED.R.CIV.P. 15, provides in relevant part as follows:

(a) **Amendments.** A party may amend the party's pleading once as matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires....

. . . .

(c) **Relation Back of Amendments.** An amendment of a pleading relates back to the date of the original pleading when

. . . .

(2) the claim or defense asserted in the amended pleading *arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading,* ....

(emphasis added.) The issue in this case, therefore, concerns the interplay of Rules 4007(c) and 7015 in the case at bar.

This Court previously addressed this issue in *Palmer v. Hayden (In re Hayden),* 246 B.R. 795 (Bankr.D.S.C.1999). In that case, the plaintiff, having already filed a complaint seeking a denial of discharge under § 727 and after a period of time for discovery and motions, filed a motion to amend the original complaint to further assert nondischargeability allegations pursuant to § 523. The Court stated that "pursuant to law in the Fourth Circuit, this Court may allow amendments of a complaint objecting to discharge and dischargeability *under appropriate circum-*

*stances."* *Id.* at 800 (emphasis added). The Court then concluded that "material facts were sufficiently pled and identifiable in the original Complaint which provided a basis for a nondischargeability action and gave notice to Debtor", and allowed the amendment "to further state and amplify grounds for a nondischargeability determination." *Id.* at 801.[6]

Other courts have similarly noted that in appropriate circumstances, an amendment to a timely filed discharge objection, allowed pursuant to Rule 7015 after the expiration of the Rule 4007(c) time limit, will relate back to the initial filing date, provided that the objection asserted in the amended complaint arises out of the same conduct, transaction, or occurrence alleged in the initial complaint. *See Michener v. Brady (In re Brady)*, 243 B.R. 253, 260 (E.D.Pa.2000) (citing *In re Ishkhanian*, 210 B.R. 944, 955 (Bankr.E.D.Pa.1997)) ("[W]here the text and substance of a newly-asserted claim requires no additional factual allegations besides those recited in the original complaint to support it, and the amendment merely seeks to add an additional legal ground by which the discharge or dischargeability of a specific debt is challenged, an amendment to the pleadings may be allowable."); *Mann v. CCR Fin. Planning, Ltd. (In re McKoy)*, 211 B.R. 843, 846–47 (E.D.Va.1997) (footnotes omitted) ("In appropriate circumstances, an amendment to a timely filed discharge objection, allowed pursuant to Rule 7015 after the expiration of the Rule 4007(c) time limit, will relate back.... [C]onsider the analogous situation in which a plaintiff inadvertently omits to allege an additional basis for objection to discharge in the original complaint and the time limit provided by Rule 4007(c) has expired. In this event, provided that the objection asserted in the amended complaint arises out of the same conduct, transaction, or occurrence pertaining to the debtor's bankruptcy, Rule 7015 provides that the amendment will relate back to the initial filing.");[7] *Bularz v. Prudential Ins. Co. of Am.*, 93 F.3d 372, 379 (7th Cir.1996) ("[A] new substantive claim that would otherwise be time-barred relates back to the date of the original pleading, provided the new claim stems from the same 'conduct, transaction, or occurrence' as was alleged in the original complaint; for relation back to apply, there is no additional requirement that the claim be based on an identical theory of recovery."); *Tri–Ex Enter., Inc. v. Morgan Guar. Trust Co. of New York*, 586 F.Supp. 930, 932 (S.D.N.Y.1984) ("[I]f the litigant has been advised at the outset of the general facts from which the belatedly asserted claim arises, the amendment will relate back even though the statute of limitations may have run in the interim.").

▇▇▇ This Court is persuaded that "appropriate circumstances" exist in the instant case to allow the amended complaint to relate back to the date of the original complaint. First, based on the clear language of Rule 15(a), Plaintiff had the right to amend its original complaint "as a matter of course," without leave of

---

6. The Court recognizes that in that case both parties consented to an amendment.

7. In *In re McKoy,* the creditors moved to amend the complaint to substitute the Chapter 7 individual debtor as the defendant and to change the case number to the individual debtor's bankruptcy filing. The court held that in that situation, the creditors could not amend the complaint because such amendment would transfer the complaint from the corporate case to the individual case. Despite the ultimate holding in the case, the court recognized that an amendment to a timely filed discharge objection is allowed even after the expiration of time under Rule 4007(c) in certain circumstances.

court or written consent by Defendant, given the fact that the Defendant had not served a responsive pleading to Plaintiff's original pleading prior to the date such amended complaint was filed. Second, this case does not present the situation where the proposed amendment states an entirely new claim based on new facts; the Court recognizes that in such a case, the amended complaint would not relate back. *See, e.g. Employers Mutual Casualty Co. v. Lazenby (In re Lazenby),* 253 B.R. 536, 539 (Bankr.E.D.Ark.2000) (citations omitted) ("[I]f the original complaint identifies the factual circumstances out of which the amended claim arose, the amendment may 'relate back,' and be deemed to fall within the time strictures of Rule 4004(a). If, however, the amendment states an entirely new claim based upon a different set of facts, it does not relate back. The general inquiry is whether the defendant is on notice, as stated in the general fact situation set forth in the complaint, he may be held liable for particular conduct. Thus, if a defendant has notice that he is sought to be held liable for particular conduct or under a particular transaction, the plaintiff may later amend the complaint, beyond the time limitation, to add theories of liability, so long as liability is based upon that same conduct or transaction."). The amended complaint in this case essentially specifies allegations dealing with embezzlement, which is a ground for discharge included within the language of § 523(a)(4). The Court finds that the allegations in the amended complaint clearly arose out of the same conduct, transactions, or occurrences set forth in the original complaint. Defendant therefore was on notice at the outset of the litigation concerning the basis for the nondischargeability action. Consequently, pursuant to Rule 15(c), the amended complaint relates back to the date of the timely-filed original complaint.

## CONCLUSION

For the reasons stated, it is therefore, ORDERED that Defendant's motion to dismiss is denied and Defendant has ten (10) days from the entry of this Order to submit an Answer to the Amended Complaint.