In re Hyman HASS, Debtor.

Barbara Hass, Plaintiff,

v.

Hyman Hass, Defendant.

Bankruptcy No. 00 B 14799(ASH).
Adversary No. 01–5068A.

United States Bankruptcy Court,
S.D. New York.

Jan. 24, 2002.

Carlos J. Cuevas, Yonkers, NY, for Plaintiff.

Susan Mills Richmond, New City, NY, for Debtor.

Kurtzman, Lipton, Matera, Gurock & Scuderi, LLP, By Ronald V. DeCaprio, Spring Valley, NY, for Chapter 7 Trustee.

Office of the United States Trustee, By Pamela J. Lustrin, New York City.

### DECISION APPROVING SETTLE-MENT AND DISMISSAL OF SECTION 727(a) CLAIM

ADLAI S. HARDIN, Jr., Bankruptcy Judge.

At issue in this contested matter is whether a creditor who has filed an adver-

sary proceeding objecting under 11 U.S.C. § 727(a) to discharge of a debtor in a Chapter 7 case may dismiss her Section 727(a) claim (which claim, if successful, would benefit all creditors) in exchange for consideration received from the debtor which would benefit only the creditor.[1]

Debtor-defendant Hyman Hass ("Hyman") sued his then wife plaintiff Barbara Hass ("Barbara") in the Connecticut state court for divorce in May 1996. A judgment of divorce was entered on September 21, 2000 establishing the financial rights and obligations of Hyman and Barbara in connection with their divorce. On October 13, 2000 Hyman filed a voluntary petition under Chapter 7 in this Court. Eric C. Kurtzman, Esq. duly qualified as permanent Chapter 7 Trustee. After discovery and extensions of time to do so, on June 20, 2001 Barbara commenced an adversary proceeding seeking (i) to deny dischargeability of her claims against Hyman under 11 U.S.C. § 523(a) and (ii) to deny Hyman's discharge under 11 U.S.C. § 727(a).

On August 13, 2001 the Chapter 7 Trustee timely commenced an adversary proceeding objecting to Hyman's discharge under Section 727(a).

In October 2001 Barbara filed a motion seeking court approval of a settlement of her adversary proceeding against Hyman under which the parties agreed to entry of a final order and judgment providing (i) that all of Barbara's claims against Hyman are non-dischargeable under various subsections of Section 523(a), and (ii) that Barbara's objection to Hyman's discharge under Section 727(a) would be dismissed with prejudice. The Chapter 7 Trustee objected to this settlement, albeit without

---

**1.** The Court has jurisdiction over the subject matter of the controversy under 28 U.S.C. §§ 1334(a) and 157(a) and the standing order of reference signed by Acting Chief Judge Ward dated July 10, 1984. This is a core proceeding under 28 U.S.C. § 157(b).

filing any papers, apparently on the ground that there is some impropriety involved in a creditor utilizing the threat of denial of discharge under Section 727(a) in order to extract a favorable settlement of the creditor's claims of non-dischargeability under Section 523(a). In a conference call for the purpose of scheduling between the Court, counsel for the Chapter 7 Trustee and counsel for Barbara (in which the debtor, who is appearing in the adversary proceeding *pro se*, did not participate), counsel for Barbara agreed with counsel for the Chapter 7 Trustee that the Trustee's objection presented a significant issue, and that a hearing on the objection should be adjourned until after the determination of a motion for summary judgment which the Chapter 7 Trustee intends to file in his adversary proceeding. Since the proposed stipulation of settlement between Barbara and Hyman (which is subject to court approval) obviously may be jeopardized if a hearing on its approval is deferred until after resolution of the Trustee's adversary proceeding against Hyman, this Court ordered that a hearing be held on December 5, 2001 to be attended by Barbara and Hyman in person, together with counsel for each, and counsel for the Chapter 7 Trustee.

At the December 5 hearing both Barbara and Hyman appeared, with their counsel, and confirmed on the record their intent and desire to proceed with their proposed stipulation of settlement, and both requested that the Court decide their application for approval of the stipulation without awaiting the outcome of the Trustee's adversary proceeding against Hyman. After hearing oral argument from the Trustee's counsel, I ordered the Trustee to submit a memorandum within two weeks setting forth precisely the grounds for his objection to the parties' proposed settlement and all authorities relied upon in support of the objection.

## Discussion

### Legal background; the Chalasani case

■ Section 523(a) of the Bankruptcy Code sets forth a variety of grounds upon which a claim of a particular creditor against the debtor may be held to be non-dischargeable. A judgment of non-dischargeability under Section 523(a) benefits only the debt owed to the particular creditor who objected to dischargeability and has no impact on claims of other creditors.

■ Section 727(a) of the Bankruptcy Code sets forth grounds upon which the debtor's discharge may be denied for reasons relating to conduct of the debtor affecting all creditors. Successful prosecution of a claim under Section 727(a) results in a judgment denying the debtor's right to a discharge as to all of his pre-petition creditors.

■ Objection to dischargeability under Section 523(a) must always be brought by the particular creditor whose debt is claimed to be non-dischargeable. Objections to discharge under Section 727(a) customarily are filed by the Chapter 7 Trustee, who is charged with the responsibility of representing and vindicating the interests of all creditors. But very often an individual creditor may have special knowledge of facts bearing on a debtor's right to a discharge based on that creditor's knowledge of or dealings with the debtor, or an individual creditor (such as one with a very large claim) may have a special incentive to challenge the debtor's discharge under Section 727(a). Section 727(c)(1) authorizes a creditor, as well as the Chapter 7 Trustee and the United States Trustee, to object to discharge under Section 727(a).

■ The grounds for challenging dischargeability under Section 523(a) and dis-

charge under Section 727(a) are quite different. A particular creditor may have a valid, non-frivolous basis to assert claims for non-dischargeability under one or more subdivisions of Section 523(a), and he may also have valid, non-frivolous grounds to allege that the debtor's discharge should be denied under Section 727(a). Of course, the debtor is entitled to his day in court to defend any and all objections to dischargeability or discharge. Thus, after discovery and trial a creditor may prevail on his claim under Section 523(a) and fail on his claim under Section 727(a); or, the creditor may have his claim under Section 523(a) dismissed after trial but prevail on the objection to discharge under Section 727(a). There is no impropriety in a creditor seeking alternate relief under both Sections 523(a) and 727(a) in an adversary proceeding.

Consensual resolution of litigation has been favored in the law from time immemorial, whether by the parties themselves, or through mediation or other techniques of dispute resolution. Settlements in discharge and dischargeability litigation are no less favored. Settlement of a controversy under Section 523(a) generally affects only the particular creditor and the debtor post-petition (in a Chapter 7 case), and approval of such a compromise generally will not affect the rights of parties interested in the debtor's estate.

However, settlement of a claim under Section 727(a), whether brought by an individual creditor or the Chapter 7 Trustee, will have an impact on all creditors, and that impact must be weighed by the Bankruptcy Court after notice and an opportunity to be heard is given to the Trustee and all creditors affected. This is particularly so in the case of a settlement such as the one now before the Court, where a creditors' Section 727(a) claim is to be abandoned in exchange for consider-ation benefitting only the creditor. The fact that a creditor has filed an objection to discharge under Section 727(a) may have induced other creditors or even the Chapter 7 Trustee to refrain from filing such an objection within the stringent time limitation provided in the Bankruptcy Rules. Accordingly, notice of a settlement must be given to all creditors and the Chapter 7 Trustee if the settling creditor's claim against the debtor under Section 727(a) is to be abandoned or compromised by the settlement.

The Bankruptcy Rules and the courts have addressed the issues thus presented. Bankruptcy Rule 7041, entitled "Dismissal of Adversary Proceedings," is directly on point and provides as follows:

> Rule 41 FR Civ P applies in adversary proceedings, except that a complaint objecting to the debtor's discharge shall not be dismissed at the plaintiff's instance without notice to the trustee, the United States trustee, and such other persons as the court may direct, and only on order of the court containing terms and conditions which the court deems proper.

Bankruptcy Rule 7041 makes clear that a creditor's adversary proceeding objecting to the debtor's discharge *may* be dismissed at the plaintiff's instance provided that adequate notice is given to affected parties and the Chapter 7 Trustee and that the court order approving dismissal contains "terms and conditions which the court deems proper."

The leading decision dealing with the issue in this Circuit is that of the Court of Appeals in *State Bank of India v. Chalasani (In re Chalasani)*, 92 F.3d 1300 (2d Cir.1996). At the outset of the decision, the Court of Appeals framed the issue as "whether another interested creditor may enter an action seeking a denial of dis-

charge under 11 U.S.C. § 727 and prosecute that claim itself, where plaintiff has voluntarily dismissed the complaint". 92 F.3d at 1303. After carefully analyzing the issues and relevant decisions, the Court answered this question in the affirmative, citing Bankruptcy Rule 7041 for the bankruptcy court's power to condition dismissal of a Section 727(a) objection on "terms and conditions" that the court "deems proper." On the facts presented in *Chalasani*, however, the Court of Appeals denied as untimely a creditor's motion to intervene as a party plaintiff in an adversary proceeding brought (in part) under Section 727(a) five months after judgment had been entered dismissing the adversary proceeding, when the creditor had received due notice in advance of the dismissal.

The facts in *Chalasani* may be briefly summarized. The State Bank of India ("State Bank") commenced an adversary proceeding against Chalasani objecting to dischargeability of the debt owed to it under Section 523(a), and to the discharge of Chalasani pursuant to Section 727(a). After Chalasani refused to comply with his discovery obligations, the bankruptcy court entered a default judgment providing that Chalasani's $1.7 million debt to State Bank was "deemed nondischargeable" pursuant to Section 523(a)(2). The final order and judgment, which was served on Chalasani's other creditors and his Chapter 7 trustee, dismissed the claim under Section 727(a) and closed the adversary proceeding. Neither the trustee nor any other creditor objected to the dismissal of the Section 727(a) claim.

Several months later, in conjunction with motions by Chalasani to reopen his Chapter 7 case and vacate his default in the State Bank adversary proceeding (both of which motions were denied by the bankruptcy court and the denial affirmed on appeal), another creditor, Society of Savings, filed a motion for leave to intervene or otherwise be substituted as plaintiff in the State Bank adversary proceeding in order to prosecute the Section 727(a) claim which had been dismissed in the final judgment terminating that proceeding. The Court of Appeals, reversing the Bankruptcy Court, held that Society of Savings' belated attempt to intervene was time barred, reasoning that

> While what is timely may not be defined with any precision ... waiting nearly five months after the entry of judgment before seeking the dramatic and extreme relief sought here is untimely under any definition.

(*Id.* at 1313)

What is significant here, however, is what the Court of Appeals said in *Chalasani* concerning reconciliation of the conflicting public and private policy interests involved when a creditor who initiates an objection to discharge under Section 727(a) reaches an agreement to settle his dispute with the debtor and dismiss his Section 727(a) claim. After reviewing the case law, the Court of Appeals noted that in some cases:

> The tool used to effectuate such a reconciliation is to provide notice and the terms of settlement to all parties, and on occasion "to allow other creditors ... or the trustee to intervene or be substituted for the original complaining creditor in order to prosecute the § 727 complaint." [citation omitted] In other words, these courts have held that creditors who did not institute a § 727 action within the 60–day limit may continue the timely-brought action opposing the debtor's discharge when the original plaintiff declines to go further. [citations omitted]

(*Id.* at 1311)

Eschewing the rationale espoused by some other courts, the Court of Appeals in

*Chalasani* reached the same result as described in the passage just quoted by relying on the express provisions of Bankruptcy Rule 7041, stating:

> Moreover, the special nature of § 727 relief may be recognized in a fashion consistent with the Bankruptcy Rules. Bankr.R. 7041 provides that a bankruptcy court may condition dismissal of § 727 claims and must also give notice to the trustee and to other creditors.... [E]ven after the 60–day period runs, the court may still condition dismissal on the approval of the trustee or other creditors or require, as a condition of dismissal, that the debtor allow another party to pursue a § 727 complaint that was timely filed.

> Bankr.R. 7041 provides that bankruptcy courts can insist that an objection under § 727 be dismissed with "terms and conditions" that it "deems proper." Thus, those courts may fashion case-appropriate remedies. [citations omitted] Bankr.R. 7041 grants bankruptcy courts sufficient authority and flexibility to place conditions on dismissal adequate to prevent tainted compromises. [citation omitted]

> But these remedies must be fashioned in the bankruptcy court judgment or very shortly thereafter.

(*Id.* at 1312–1313)

With this background we turn to the Chapter 7 Trustee's objections to the proposed settlement of Barbara's adversary proceeding against Hyman, as articulated in oral argument and in the Trustee's post-hearing memorandum.

### The Trustee's objections

In his memorandum of law (p. 18) the Chapter 7 Trustee objects to the proposed settlement because it is "an almost perfect, classic example of the impermissible *quid pro quo*" rejected by *In re Maynard, In re Nicolosi* and *In re Meffert, infra.* Regarding Sections 523(a) and 727(a), the Chapter 7 Trustee emphasizes:

> that each cause of action stands independent of the other, that each serves a distinct purpose, and that each is not an alternative form of pleading the same cause. As such, it was not Congress' intent that these two (2) Bankruptcy Code sections be played off against each other to achieve a favorable result for a creditor-plaintiff.

(*Id.* at 10) Rather, once a creditor-plaintiff brings a Section 727(a) action, she "becomes like a trustee" (*id.* at 21) in the sense that the Section 727(a) action benefits all creditors of the estate. Furthermore, neither Barbara nor Hyman has submitted affidavits or other documents supporting the compromise and settlement (*i.e.*, showing that the § 523(a) action has merit and that the § 727(a) action does not). This, the Chapter 7 Trustee contends, is information which must be considered by the Court prior to approval of the settlement (*id.* at 15). Finally, the Chapter 7 Trustee argues that under the Local Bankruptcy Rules a discharge cannot be issued to Hyman until he and his attorney have shown that "no consideration has been promised or given, directly or indirectly" by Hyman to Barbara in exchange for withdrawal of the Section 727(a) action (*id.* at 16).

The Chapter 7 Trustee relies heavily upon language in *Chalasani*, 92 F.3d at 1310, stating that there should be no "taint of compromise" involved in the dismissal of a Section 727(a) action, and that "Because discharge is a statutory right undergirded by public policy considerations, it is not a proper subject for negotiation and the exchange of a *quid pro quo.*" (*Id.* at 1310 (citing *In re Moore*, 50 B.R. 661, 664

(Bankr.E.D.Tenn.1985)))[2] However, in so stating the Second Circuit was merely articulating the "Trustee Approach," a public policy consideration which it later reconciled with "the public interest in encouraging the just, speedy, inexpensive, and final resolution of disputes." The Court determined that the two policy concerns were best balanced by reference to Bankruptcy Rule 7041. (*Id.* at 1311)

Although *Chalasani* is controlling in this Circuit, cases cited by the Chapter 7 Trustee and other decisions deserve comment.

The bankruptcy court in *Wolinsky v. Maynard (In re Maynard)*, 258 B.R. 91 (Bankr.D.Vt.2001), adopting the bright-line rule of *In re Moore, supra,* announced that henceforth it would not approve settlements of Section 727(a) actions on any terms. In declining to approve the settlement urged by the trustee-plaintiff and unopposed by any other party, the court held "the concept of a debtor and trustee settling a § 727 action for a cash payment to be tantamount to a debtor buying a discharge from the trustee." (*In re Maynard*, 258 B.R. at 93) The district court reversed and remanded, holding that a *per se* prohibition of settlement or compromise of Section 727(a) actions was not justified by the language of the Bankruptcy Code and Rules, nor was such a holding consistent with the broad equitable powers vested in bankruptcy courts. *Wolinsky v. Maynard (In re Maynard)*, 269 B.R. 535, 542 (D.Vt.2001).

In *Russo v. Nicolosi (In re Nicolosi)*, 86 B.R. 882 (Bankr.W.D.La.1988), the plaintiff, the former wife of the debtor, proposed to withdraw her complaint under Sections 523(a) and 727(a) in exchange for consideration from the debtor to plaintiff (not to the debtor's estate) valued at over $409,000. The court did not approve the settlement because it concluded that the plaintiff's causes of action under Section 523(a) were without merit, stating:

> Whether there can ever be a compromise of an objection to discharge that would involve receipt of compensation or remuneration by a creditor need not be decided here in view of this Court's conclusions regarding the lack of any meritorious exception to discharge under section 523.

(*Id.* at 888) Therefore, the court did not reach the question of whether a compromise of an objection to discharge involving receipt of compensation by a creditor could be approved.

The Chapter 7 Trustee is incorrect when he contends that *Nicolosi* supports his argument that settlement of a Section 523(a) action effects an impermissible *quid pro quo* when the complaint also includes causes of action under Section 727(a). In fact, the judge in *Nicolosi* noted his "extreme difficulty" with cases holding that Section 727(a) actions cannot be compromised:

> The practical effect of determining that a section 727(a) objection to discharge can never be compromised could severely chill the rights of plaintiffs to allege section 727(a) causes of action. Once the adversary complaint alleged such a cause of action, there presumably could be no compromise of the complaint even

---

**2.** The court in *In re Moore* rejected the proposed settlement between the debtor, trustee and a creditor, by which the Section 727(a) action would be withdrawn in exchange for approximately $1,300,000 in cash and property to be paid to the estate and consent to entry of $40,000,000 judgment in favor of the Federal Deposit Insurance Corporation in a district court case against the debtor as one of several former officers and directors of a bank. The court ruled that "Tying withdrawal of objections to discharge to the settlement of other actions is contrary to public policy." (*In re Moore*, 50 B.R. at 664)

when other, meritorious causes of action were alleged in the same complaint, *e.g.*, exceptions to discharge under section 523(a). Even if a plaintiff bifurcated his causes and dismissed the section 727 cause under Rule 7041 and then settled the section 523 action, a court could not determine whether an advantage was given for the dismissal of the section 727 objection to discharge. Unless the plaintiff simply dismissed, litigants would be forced to go to trial whenever section 727(a) and section 523(a) causes of action were alleged by the same plaintiff.... Even though section 727(a) and section 523(a) causes of action are distinct, and with differing burdens of proof, they can have many factual elements in common.... Without the opportunity to compromise, a litigant is left with "no way out" except to give up or to pursue the martial arts of litigation to their ultimate conclusion.

(*Id.* at 889, fn. 4)

Similarly, *Hage v. Joseph (In re Joseph)*, 121 B.R. 679 (Bankr.N.D.N.Y.1990), approved a settlement of causes of action under Section 523(a) between the creditor-plaintiff, Hage, and the debtor, in exchange for the sum of $15,000 and permitted the substitution of Adams, an unsecured creditor, as party plaintiff, to continue to prosecute the causes of action under Section 727(a). While acknowledging that a plaintiff who commences a Section 727(a) action "becomes the trustee of that action," the court noted that in the absence of Bankruptcy Rule 7041, the plaintiff would be permitted to withdraw the action in exchange for consideration from the debtor. (*Id.* at 682) The court concluded that Bankruptcy Rule 7041 "is Congress' mechanism for the prevention of such practices." (*Id.*)

█ I agree with the rationale of *In re Joseph* that Bankruptcy Rule 7041 is the

mechanism by which courts should approve compromise of Section 727(a) actions while remaining mindful of the Trustee Approach. Using Bankruptcy Rule 7041 as the touchstone for approving compromises of Section 727(a) actions is consistent with *Chalasani*, which held that Rule 7041 authorizes bankruptcy courts to "fashion case-appropriate remedies" and "place conditions on dismissal adequate to prevent tainted compromises." (*In re Chalasani*, 92 F.3d at 1312–13) By contrast, a *per se* prohibition on compromise of Section 727(a) actions is entirely inconsistent with Bankruptcy Rule 7041, *Chalasani*, the time-honored judicial policy which favors consensual dispute resolution, and the right which a plaintiff always has to decline to continue prosecuting a claim.

As *Chalasani* noted, several courts have permitted compromise after directing the settling parties to "provide notice and the terms of settlement to all parties, and on occasion 'to allow other creditors ... or the trustee to intervene or be substituted for the original complaining creditor in order to prosecute the § 727 complaint.'" (*Id.* at 1311 (quoting *In re Margolin*, 135 B.R. 671, 673 (Bankr.D.Colo.1992)))

In *In re Margolin*, the parties sought approval of the stipulation between the creditor and debtor, providing for (1) dismissal of the Section 727(a) causes of action, (2) non-dischargeability pursuant to Section 523(a) of the $97,501.36 debt owed to the creditor, and (3) permitting the debtor to satisfy the non-dischargeable debt by payment of $25,000 over a period of time. As in *In re Joseph, supra*, the parties provided notice of the settlement and disclosure of its terms to the trustee and all creditors and provided them with an opportunity to intervene or to be substituted as party plaintiff. The trustee did not seek to intervene or be substituted; instead, she objected to the settlement on

the ground that the creditor assumed a fiduciary role and should be forced to continue to prosecute the action for the benefit of all creditors. Because the settlement complied with the requirements of Bankruptcy Rule 7041 and had been subject to the safeguards of notice and disclosure, the settlement was approved over the trustee's objection.

Courts have long recognized that (i) unwilling plaintiffs cannot (and probably should not) be compelled to continue litigating, and (ii) new, and willing, parties can be substituted as plaintiffs. Thus, in *In re Nicolosi, supra,* the court observed that "other creditors can take up the cudgel where a creditor opposing discharge declines to go further." (*Id.* at 889 (citing *Mazur v. Hirsch Shoe Co.,* 46 F.2d 973, 974 (5th Cir.1931))) In *Mazur,* the Court of Appeals found it "plain" that "creditors may at any time while the cause is still pending ... decline to go further with their opposition to a discharge," and that "in such event any other creditor may, in the discretion of the judge of the court, be allowed to proceed under the specifications already filed by those withdrawing." *Mazur,* 46 F.2d at 974.

In *Tindall v. Mavrode (In re Mavrode),* 205 B.R. 716 (Bankr.D.N.J.1997), the court approved a settlement by which the debtor's son would pay $15.000 to the plaintiff-creditors over nine months, and the plaintiffs would dismiss the Section 727(a) action. Notice of the settlement terms was provided, but no party objected or sought to be substituted. The court held that "it is inappropriate to deny *carte blanche* any and all attempts to settle § 727 complaints," and approved the settlement, since the creditors had been given "ample time to object to the settlement" and the settlement would benefit all creditors by reducing the plaintiff's claim against the estate. (*In re Mavrode,* 205 B.R. at 721–

22) "Given the fact that the creditors have chosen not to do so, there would be no benefit inured to the estate in requiring further litigation of the claim." (*Id.* at 722; *see also Palmer v. Hayden (In re Hayden),* 246 B.R. 795, 799 (Bankr.D.S.C. 1999) ("Implicit in this approach is the policy that if the objecting party does not wish to be substituted, then it should not be heard to complain and the action may be dismissed."))

■ As in *In re Margolin* and *In re Mavrode,* the parties here have provided notice of the terms of settlement to all parties and an opportunity for other creditors or the trustee to intervene or be substituted as plaintiff. The settlement here is well within the bounds of those approved by the courts in *Margolin* and *Mavrode,* since it merely stipulates that certain debts are not dischargeable under Section 523(a). It does not provide for payment of anything to Barbara by Hyman or anyone else. More importantly, the settlement here does not purport to be a payment to a single creditor derived from the compromise of a Section 727(a) action, as in *Mavrode.* On its face, the stipulation I am being asked to approve does nothing more than stipulate that Hyman's liability for various debts are non-dischargeable under Section 523(a) and provide for withdrawal of Barbara's (but not the Chapter 7 Trustee's) causes of action against Hyman under Section 727(a).

A similar settlement was approved in *In re Hayden, supra,* 246 B.R. 795. In that case, the settlement provided for admission of nondischargeability of the plaintiff's debt under Section 523(a) but did not require the debtor to provide payments or other consideration to the plaintiff. Implicit in the settlement was the dismissal of the Section 727(a) action. (*Id.* at 797) The objecting party declined to take up the

litigation for the benefit of all creditors. (*Id.* at 799)

 The Chapter 7 Trustee asserts that an additional obstacle to any settlement of a Section 727(a) claim is Local Bankruptcy Rule 4007–2, entitled WITHDRAWAL OR SETTLEMENT OF PROCEEDINGS TO DETERMINE DISCHARGE AND DISCHARGEABILITY, which states:

(a) *Withdrawal of Complaint.* In the event of the withdrawal of a complaint objecting to discharge or failure to prosecute an adversary proceeding objecting to discharge, no discharge shall be granted unless the debtor shall make and file an affidavit and the debtor's attorney shall make and file a certification that no consideration has been promised or given, directly or indirectly, for the withdrawal or failure to prosecute.

No affidavit or certification has been filed in this Court. Indeed, where a creditor settles a Section 523(a) claim and also seeks dismissal of his Section 727(a) claim (as was approved in *In re Joseph, In re Margolin* and *In re Hayden* ), it may be inferred that the dismissal was at least in part a *quid pro quo* of the settlement.[3] But that does not bar a creditor from settling his Section 523(a) claim and abandoning his Section 727(a) claim (which he has no further incentive to prosecute), because other creditors and the Chapter 7 trustee will receive full disclosure and an opportunity to prosecute the Section 727(a)

claim through the mechanism of Bankruptcy Rule 7041.

As construed by the Chapter 7 Trustee here, Local Bankruptcy Rule 4007–2(a) would conflict with Bankruptcy Rule 7041, *Chalasani,* and countless rulings [4] and decisions that have approved settlements involving dismissal of Section 727(a) claims based on consideration given by the debtor, either to a Chapter 7 trustee so as to benefit all creditors, or to a particular creditor such as in *In re Joseph, In re Margolin, In re Mavrode* and *In re Hayden* subject to a court order under Bankruptcy Rule 7041 preserving the right of a trustee or other creditor to pursue the Section 727(a) claim.

In the event of a conflict between a Local Bankruptcy Rule and the Bankruptcy Rules, the Bankruptcy Rules must prevail. Fed. R. Bankr.P. 9029(a) authorizes the "district court acting by a majority of its district judges" to make and amend local bankruptcy rules "which are consistent with—but not duplicative of—Acts of Congress and these rules." *See also* Comment to Local Bankruptcy Rule 1001–1. But I do not believe Local Bankruptcy Rule 4007–2(a) was intended to render Bankruptcy Rule 7041 nugatory.

The purpose of Local Bankruptcy Rule 4007–2(a) is to prevent *sub rosa* settlements, *i.e.,* those in which a creditor, after filing a Section 727(a) action, receives compensation from the debtor and, without disclosing such compensation, either allows

---

**3.** However, such an inference is problematic in a case like this, where there is pending a Chapter 7 Trustee objection to discharge which is not affected by the settlement.

**4.** As in any litigation, there is always the possibility that the plaintiff in a Section 727(a) claim (whether the plaintiff is a Chapter 7 trustee or a creditor) may not prevail. Thus, it happens with some frequency that a Section 727(a) claim may be settled by dis-

missal of the claim in consideration for the debtor's payment of money or property to the debtor's estate. This Court and other bankruptcy courts have granted uncounted motions under Bankruptcy Rule 9019 for approval of such settlements where the tangible and immediate benefit to the estate outweighs the potential but uncertain benefit to creditors of denial of the debtor's discharge.

the Section 727(a) action to lapse and eventually be dismissed for lack of prosecution or makes an application to withdraw the case. Where a Section 727(a) action lapses or is withdrawn, Local Bankruptcy Rule 4007–2(a) acts as a check against the discharge of a debtor who has secretly paid off the plaintiff, to the detriment of all other creditors, who would benefit by denial of the debtor's discharge.

Local Bankruptcy Rule 4007–2(a) cannot be invoked, however, in at least two circumstances: (1) where there has been a bona fide settlement, by the trustee or a creditor, of a Section 727(a) claim in exchange for consideration to be paid *to the debtor's estate;* and (2) where the creditor files a complaint asserting causes of action under Sections 523(a) and 727(a) and, upon obtaining a settlement of his 523(a) claim, seeks to withdraw or dismiss the 727(a) claims pursuant to Bankruptcy Rule 7041. The interests of the debtor's estate and all creditors are protected by Bankruptcy Rules 9019 and 7041.

The need for Local Bankruptcy Rule 4007–2(a) is obviated in circumstance (1), because settlement of the Section 727(a) action will benefit the estate. The terms of the settlement will be disclosed to all interested parties, and the court will be called upon to determine whether the settlement is in the best interests of the estate, *i.e.,* whether the debtor's payment of post-petition money or property to the estate is preferable to further litigation to deny the debtor's discharge.

In the second circumstance, the creditor seeks to settle his claim under Section 523(a). Satisfied with the compromise obtained on the Section 523(a) claim and the prospect of a quick end to litigation, the plaintiff will have no interest in further prosecuting the Section 727(a) action, even if that action may ultimately be successful. In that circumstance, the plaintiff has very

likely received "consideration" within the literal meaning of Local Bankruptcy Rule 4007–2(a). But the plaintiff has a right to settle his Section 523(a) claim and abandon the Section 727(a) claim. So long as the trustee and other creditors are given the opportunity to continue the Section 727(a) proceeding, other creditors and the estate are not harmed. This is so in the present case, where other creditors' interests will be adequately protected by the Chapter 7 Trustee's own timely-commenced adversary proceeding under Section 727(a).

 Finally, contrary to the Chapter 7 Trustee's argument, there is no impropriety in confronting a debtor with a nonfrivolous, potentially viable Section 727(a) claim whether or not it puts the debtor under pressure to settle the Section 523(a) claim. Litigants are frequently confronted with the leverage that is explicit in the potential adverse consequences of an adverse judgment. A strong, viable claim may well compel a settlement, whereas a claim that the defendant knows to be weak or frivolous should have little or no coercive effect. The coercion comes not from the assertion of a fair claim but from the debtor's own conduct which gave rise to the claim. Accordingly, a plaintiff need not show that the Section 727(a) claim is meritless in order that the compromise of the Section 523(a) action be approved.

 Before permitting any settlement connected with the dismissal or withdrawal of Section 727(a) claims, a bankruptcy court must be satisfied that the action is not a sham effort by the creditor-plaintiff to receive payment solely for himself on account of a Section 727(a) claim that is representative in nature. Such was the case in *In re Nicolosi, supra,* in which the court refused to approve a settlement where the Section 523(a) claim was patently defective, and thus also declined to dismiss the Section 727(a) claim. Similarly,

the parties in *Migoscha, S.A. v. Meffert (In re Meffert)*, 232 B.R. 71 (Bankr. S.D.N.Y.1998) sought approval of the settlement of a Section 727(a) action under which the debtor promised to pay the creditor-plaintiff $15,000 over two years. The plaintiff was barred by lapse of time from asserting a claim under Section 523(a) (although one might have been supported by the allegations in the complaint) (*id.* at 72). The court denied the motion to approve the settlement because:

> The debtor and his counsel have already certified in the application that the payments are the *quid pro quo* for the dismissal of the objection to discharge, and hence, cannot deliver the required assurances under the local rule. Although the debtor apparently assumes that a discharge will issue as a logical consequence of the dismissal of the adversary proceeding, Local Rule 4007–2 unambiguously precludes his discharge. The debtor did not bargain for this result, and the settlement makes no sense.

(*Id.* at 74) The court noted that the result may have differed if the complaint had included claims under both Sections 523(a) and 727(a) and if the debtor and his attorney had shown that the debtor was paying for the dismissal of the Section 523(a) claim but dismissing the Section 727(a) claim for lack of merit. (*Id.* at 74, fn. 3) As an aside, although it rejected the settlement the court questioned the legal sufficiency of the Section 727(a) complaint and required the plaintiff to show cause why the complaint should not be dismissed for failure to state a claim. (*Id.* at 74–75)

### Conclusion

In this case the Chapter 7 Trustee's timely-commenced adversary proceeding objecting to the debtor's discharge stands as adequate protection for the interests of creditors other than Barbara. Dismissal with prejudice of Barbara's claims under Section 727(a) against Hyman will have no impact on the Trustee's Section 727(a) claim. Both Barbara and Hyman have personally declared in open court their understanding of and intent to be bound by their proposed settlement. The Trustee's objection to the settlement is overruled.